CLAUDIO VALLÉS RICCI, demandante y apelante, *v.* NICOMEDES RIVERA, demandada y apelada.

No. 4689.—*Sometido:* Nov. 7, 1929.   *Resuelto:* Nov. 14, 1929.

*A. Porrata Doria,* abogado del apelante; *Pedro E. Anglade,* abo-gado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Alegando ser dueño de media cuerda de terreno ocupada en precario por Nicomedes Rivera, Claudio Vallés interpuso esta demanda de desahucio a fin de obtener por la vía judicial lo que no le había sido posible por la privada; esto es, que Nicomedes Rivera desalojara la finca.

Contestó la demandada aceptando que se encontraba en la finca en cuestión pero no en precario sino como dueña de la misma.

Fué el pleito a juicio. El demandante presentó un documento privado que lleva fecha de noviembre 15 de 1921 por virtud del cual la propia Nicomedes Rivera aparece vendiéndole las tierras de que se trata. Declaró además él mismo y explicó las circunstancias del contrato, habiendo dejado a la demandada en posesión porque compró el terreno para fabricar y luego no tuvo necesidad de ello, negándose luego la demandada a desocupar la finca.

Declararon también a favor del demandante Guillermo Rivera y Eusebio Marrero. Rivera fué uno de los firmantes del documento privado de compraventa. Marrero explicó que Nicomedes debía en la tienda a cuyo frente estaba Guillermo Rivera y para pagar la deuda convino en vender y vendió a Vallés su finca.

La prueba de la demandada consistió en su propia declaración y en los testimonios de Juan Vallés y José Malavé.

La declaración de la demandada es larga y difícil de sintetizar, pero en su último análisis puede decirse que sostiene

que jamás vendió su finca y que si permitió que se pusiera una cruz como su firma en un documento que le llevó Vallés a su casa, fué porque éste le dijo que era un pagaré en el que constaba que ella le debía la suma que Vallés se comprometió a garantizar o pagar por ella en la tienda, suma que representaba el valor de provisiones que el hombre que en aquel entonces vivía con ella había tomado en la tienda y que más tarde satisfizo a Vallés.

Los testigos Juan Vallés y José Malavé se refieren a admisiones del demandante que, de ser ciertas, demostrarían que se trataba de un préstamo y no de una venta.

La corte sentenciadora en su relación del caso y opinión se refirió a las alegaciones y a las pruebas, diciendo de la aportada por la demandada que tendía ''a justificar que el título del demandante es fraudulento, inexistente y nulo'' y estimando que había un conflicto de títulos, se negó a resolverlo dentro del pleito sumario de desahucio y declaró la demanda sin lugar. Contra esa sentencia interpuso el demandante el presente recurso de apelación.

Estudiados los autos resulta que se practicó una prueba completa por ambas partes. Difícilmente podrá practicarse otra más amplia dentro de cualquier pleito ordinario. Lo único que faltaba para decidir el caso en verdad era que la conciencia judicial, guiada por la razón, la ley y la experiencia, analizara la prueba y resolviera el conflicto. Pero no puede negarse que el conflicto existe, y grave y hondo. O fraudulentamente se alteró la verdad y se hizo aparecer en un documento que la demandada vendía su propiedad siendo cómplices del fraude perpetrado por el demandante dos personas más, o son perjuros la demandada y sus dos testigos. Los testimonios de una y otra parte son irreconciliables. Hay tres personas en un lado o en otro que juraron decir verdad y que faltando a su juramento mintieron. La pureza del procedimiento exige y la constante jurisprudencia de esta corte ha sentado, que cuestión semejante no debe decidirse en un juicio sumario de desahucio. Y éste es un juicio

de desahucio, cualquiera que sea la extensión que se haya dado a la práctica de la prueba.

*Debe confirmarse la sentencia recurrida.*

Los Jueces Asociados Señores Hutchison y Texidor no intervinieron.