LUCIANO RÍOS, demandante y apelado, *v.* JOSÉ ROMÁN y OC-TAVIO RÍOS, demandados y apelantes.

Núm. 10153. *Sometido:* Abril 3, 1950. *Resuelto:* Abril 10, 1950.

208

*Francisco González, Jr.,* abogado de los apelantes; *R. A. Arroyo Ríos,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Ante la Corte de Distrito de Humacao presentó Luciano Ríos demanda de desahucio en precario contra José Román y Octavio Ríos. En ella alegó ser dueño de una finca rústica compuesta de 1.47 cuerdas de terreno situada en el barrio Buena Vista del término municipal de Humacao; que los demandados, sin título ni derecho alguno, detentan y poseen esa finca, disfrutandola precariamente sin pagar canon ni merced algunos; y que se han negado y se niegan a entregarle la posesión de la misma. Contestaron los demandados negando los hechos esenciales de la demanda, alegando Octavio Ríos que posee siete fincas rústicas en la jurisdicción donde radica la descrita en la demanda, y el demandado José Román que no posee ni está en posesión material de finca alguna en el barrio indicado y mucho menos de la que se describe en la demanda. Celebrado el juicio de rigor, du-

rante el cual las partes adujeron prueba testifical y documental, la corte inferior dictó sentencia declarando con lugar la demanda, ordenando, por ende, el desahucio solicitado y condenando a los demandados al pago de las costas más $75 para honorarios de abogado.

Apelaron los demandados y sostienen ahora que la corte inferior erró al resolver (1) que el demandante probó tener título alguno a la finca objeto de la acción de desahucio, y (2) que el demandante tenía derecho al desahucio estando pendiente una acción reivindicatoria dentro de la cual podían los demandados tomar posesión material de la finca.

La prueba de la parte demandante tendió a demostrar que en acción en cobro de dinero se dictó sentencia a su favor; que en ejecución de la misma la finca objeto del desahucio le fué adjudicada; y que los demandados disfrutan precariamente de dicha finca. La de éstos fué principalmente al efecto de que el título del demandante era nulo.

No hay duda de que la prueba que la corte inferior tuvo ante sí fué suficiente para justificar la sentencia por ella dictada.

Al discutir el primer error los demandados sostienen que el demandante no probó título alguno a la finca, toda vez que el procedimiento en cobro de dinero que sirvió de base al título del demandante es nulo e inexistente, por las siguientes razones:

(a) Porque en el diligenciado de la citación a los demandados no se hizo constar el sitio en que se efectuó la notificación;

(b) Porque seis meses después de notificados los demandados en la forma indicada, se radicó ante la Corte Municipal que conocía del caso una moción en que se alegaba que todos los demandados, a excepción de uno, eran menores de edad y en que se solicitaba se designara defensor judicial de los menores al codemandado mayor de edad, hermano de éstos, y la referida corte, sin oír a las partes y sin tener jurisdicción para ello, hizo la designación del defensor judicial solicitádale;

(*c*) Porque la sentencia en ese pleito se dictó contra los demandados como componentes de la "sucesión de Evarista López" y no "como únicos y universales herederos de ésta";

(*d*) Porque dicha sentencia se dictó a los veintiséis días y no el mismo día o al siguiente de la celebración del juicio, según provee la sección 4 de la Ley núm. 10 de 1921 (pag. 113);

(*e*) Porque se ordenó la ejecución de la sentencia antes de ser firme la misma.

■■ Si bien una demanda de desahucio debe ser declarada sin lugar cuando por la parte demandada se plantea una cuestión sustancial de título, no creemos, sin embargo, que semejante cuestión fuera suscitada en este caso. *Méndez* v. *Estrada*, 54 D.P.R. 220; *P. R. Leaf Tobacco Co.* v. *Colón*, 50 D.P.R. 303; *Lippitt* v. *Llanos*, 47 D.P.R. 269 y *Vallés* v. *Rivera*, 40 D.P.R. 160. Véanse también *Pérez* v. *Castro*, 52 D.P.R. 274; *Colón* v. *Colón*, 51 D.P.R. 97; *Franceschi* v. *Claudio Elena*, 51 D.P.R. 495, 499.

Según ya hemos indicado, los demandados se limitaron a impugnar el título del demandante. Empero, conforme se verá en seguida, carecían de personalidad (*standing*) para hacer tal cosa.

■■ El pleito en cobro de dinero que sirve de origen al título del demandante fué uno entablado por éste y su esposa ante la Corte Municipal de Humacao contra la sucesión de Evarista López, compuesta de sus hijos Cándido, Cándida, Basilia, Dominga y Gaspar Pérez López. No demostraron los demandados que existiera nexo jurídico de clase alguna entre ellos y los allí demandados, o entre ellos y cualquiera o cualesquiera de los demandados en dicho pleito. Sin derivar de éstos derechos de clase alguna tratan de atacar colateralmente la sentencia dictada en dicho pleito, al igual que otros procedimientos habidos en el mismo. Son verdaderos extraños. Una sentencia puede ser atacada colateralmente cuando la misma ha sido dictada sin jurisdicción. *Pérez* v. *Tribunal de Distrito*, 70 D.P.R. 656. Tal ataque por lo gene-

ral lo hacen las personas que fueron parte en el pleito cuya sentencia se impugna, o los causahabientes de éstas. *Cf. De León v. Pérez*, 54 D.P.R. 215, 218; *Sucrs. de Huertas González v. Rosario*, 50 D.P.R. 360, 362. Sin embargo, los extraños pueden también atacar una sentencia colateralmente bajo ciertas circunstancias. A este respecto en 49 C.J.S., pág. 818, sec. 414, se dice que:

"Un extraño a los autos, que no fué parte en el litigio en que se dictó la sentencia o que no deriva derechos de una de las partes en el mismo, no está impedido de atacar la validez de la sentencia en un procedimiento colateral; *mas para poderlo hacer deberá demostrar que tiene derechos, reclamaciones o intereses que serán perjudicados o adversamente afectados por el cumplimiento de la sentencia, y que éstos surgieron con anterioridad a la fecha en que se dictó la misma, a menos que la sentencia sea absolutamente nula.*" (Bastardillas nuestras.)

Véanse también 1 Freeman *on Judgments*, 5ta. edición, sec. 319, págs. 636, 639, y *Restatement of the Law, Judgments*, sec. 93, págs. 459 *et seq.* Estimamos que el principio así enunciado es el correcto. No obstante, aun asumiendo, a los fines de esta opinión, que la sentencia dictada por la Corte Municipal de Humacao en el pleito en cobro de dinero sea anulable, no es posible admitir que la misma sea absolutamente nula. No siéndolo, ni habiendo demostrado los demandados que tienen derechos, reclamaciones o intereses que serán perjudicados o adversamente afectados, que surgieron con anterioridad a la fecha en que se dictó la sentencia por la referida corte municipal, ellos carecen de personalidad para atacar colateralmente en esta acción de desahucio la validez de esa sentencia o el título que ostenta el demandante como resultado de la adjudicación héchale.

Al discutir el segundo error señalado, los demandados se limitan a sostener que habiéndose entablado por el demandante una acción reivindicatoria y que habiéndose dictado sentencia en la misma, (¹) no debía permitirse a éste

---

(¹) Aunque en el segundo señalamiento de errores se dice que la acción reivindicatoria estaba pendiente, los autos demuestran que ya se había dictado sentencia en la misma.

acogerse al procedimiento sumario de desahucio, ya que "es principio elemental de derecho que existiendo un procedimiento ordinario adecuado no debe recurrirse al extraordinario." La sentencia en la acción reivindicatoria no fué dictada contra ninguno de ellos, mas aun si lo hubiera sido, nada había que obligara al demandante a pedir necesariamente la ejecución de tal sentencia. Tampoco había nada que impidiera al demandante acudir al procedimiento sumario de desahucio, tal cual lo hizo en este caso.

*Debe confirmarse la sentencia apelada.*