José León Bermúdez et als., demandantes y apelados, *v.* Francisco Ortiz Rivera, Santiago Ortiz Rivera, Loudee Iron and Metal Co. y American Surety Co. of New York, demandados y apelantes las dos últimas.

Número 1.

*Sometido:* 2 de septiembre de 1958. *Resuelto:* 16 de septiembre de 1958.

*J. Prieto–Azuar* y *Vicente Ydrach,* abogados de la apelante American Surety Co. of New York; *Hartzell, Fernández & Novas,* abogados de la apelante Loudee Iron & Metal Co., Inc.; *Alberto Picó, Antonio J. Amadeo* y *Alfonso Pizarro Lago,* abogados de los apelados.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

La Sala de Guayama del Tribunal Superior de Puerto Rico dictó sentencia en el caso de epígrafe el día 25 de marzo de 1958 declarando con lugar la demanda y condenando a los demandados a satisfacer solidariamente a los demandantes, por vía de indemnización, la suma total de $65,000, más $8,000 por concepto de honorarios de abogado.

En abril 15 de 1958 las demandadas Loudee Iron and Metal Co. y American Surety Co. of New York interpusieron apelación contra dicha sentencia para ante este Tribunal.

■ Posteriormente y mientras se seguían ante el Tribunal Superior los trámites de la apelación interpuesta por dichas demandadas, la Legislatura aprobó la Ley núm. 115 de 26 de junio de 1958, con vigencia en la misma fecha en que empezarían a regir las Reglas de Procedimiento Civil para el Tribunal General de Justicia, o sea, con vigencia el día 31 de julio de 1958. Dicha Ley núm. 115 enmendó las secs. 7 y 14 de la Ley núm. 11, aprobada en 24 de julio de 1952, titulada "Ley de la Judicatura del Estado Libre Asociado de Puerto Rico." En virtud de las indicadas enmiendas solamente son apelables al Tribunal Supremo las sentencias finales que dicte el Tribunal Superior en casos civiles, que no procedan del Tribunal de Distrito en grado de apelación o de los organismos administrativos en grado de revisión, en las cuales se plantea o resuelve una cuestión constitucional sustancial al amparo de la Constitución de los Estados Unidos o la de Puerto Rico y las sentencias finales dictadas en casos criminales originados en el Tribunal Superior. Cualquier otra sentencia final del Tribunal Superior podrá ser revisada, a solicitud de la parte agraviada, por el Tribunal Supremo mediante auto de revisión a ser librado discrecionalmente. [1]

---

[1] El art. 2 de la Ley núm. 115 de 26 de junio de 1958, en lo pertinente dispone:

"Artículo 2.—Se enmienda la sección 14 de la Ley núm. 11, aprobada el 24 de julio de 1952, para que se lea como sigue:

" 'Sección 14.—Revisión de las decisiones del Tribunal de Primera Instancia.

" '(a) Salvo lo dispuesto en el inciso (d) de esta sección, serán apelables al Tribunal Supremo las sentencias finales que dicte el Tribunal Su-

En 26 de junio de 1958 la Legislatura aprobó también la Ley núm. 120 para enmendar las Reglas 52, 53 y 54 de las Reglas de Procedimiento Civil para el Tribunal General de Justicia, adoptadas por el Tribunal Supremo de Puerto Rico el 15 de noviembre de 1957 y remitidas a la Asamblea Legislativa el 13 de enero de 1958. Las indicadas Reglas, así enmendadas, regulan los procedimientos para la interposición y perfeccionamiento de una apelación, un recurso de revisión y un recurso de certificación. Esta Ley núm. 120 comenzó a regir también el día 31 de julio de 1958.

En cuanto a las apelaciones en casos civiles pendientes a la fecha en que comenzaron a regir la Ley núm. 115 y las nuevas Reglas de Procedimiento Civil según fueron enmen-

perior en casos civiles en las cuales se plantea o resuelve una cuestión constitucional sustancial al amparo de la Constitución de los Estados Unidos o la de Puerto Rico y las sentencias finales dictadas en casos criminales originados en el Tribunal Superior. Una vez presentado el escrito de apelación se suspenderán todos los procedimientos en el Tribunal Superior, respecto a la sentencia o parte de la misma de la cual se apela, o a las cuestiones comprendidas en ella; pero el Tribunal Superior podrá proseguir el pleito en cuanto a cualquier cuestión envuelta en el mismo no comprendida en la apelación, y, si la sentencia apelada dispusiera la venta de cosas susceptibles de pérdida o deterioro, podrá ordenar que se vendan las mismas y que se deposite su importe hasta que el Tribunal Supremo dicte sentencia.

" '(b) Cualquier otra sentencia final del Tribunal Superior podrá ser revisada, a solicitud de la parte agraviada, por el Tribunal Supremo mediante auto de revisión a ser librado discrecionalmente. La presentación de una solicitud de revisión suspenderá todos los procedimientos en el Tribunal Superior, respecto a la sentencia o parte de la misma cuya revisión se solicita, o a las cuestiones comprendidas en ella, hasta que el Tribunal Supremo resuelva el recurso. No obstante, el Tribunal Superior podrá proseguir el pleito en cuanto a cualquier cuestión envuelta en el mismo no comprendida en el recurso de revisión, y, si la sentencia recurrida dispusiera la venta de cosas susceptibles de pérdida o deterioro, podrá ordenar que se vendan las mismas y que se deposite su importe hasta que el Tribunal Supremo resuelva el recurso.' "

El inciso (d) cuya salvedad se hace en el apartado (a) arriba copiado, dispone:

" '(d) Las sentencias que dicte el Tribunal Superior en apelaciones procedentes del Tribunal de Distrito y en pleitos para revisar, a base del récord de los procedimientos al nivel administrativo o mediante juicio de novo, las decisiones, órdenes o resoluciones de organismos administrativos, podrán ser revisadas por el Tribunal Supremo mediante certiorari a ser librado a su discreción, y de ningún otro modo.' "

dadas por la Legislatura, la indicada Ley núm. 115 dispuso lo siguiente:

"Artículo 3.—Cualquier apelación pendiente en un caso civil en que sólo proceda el recurso de revisión, aunque haya sido interpuesta antes de la fecha de vigencia de esta ley, se tramitará y se resolverá como si se tratase de un recurso de revisión."

Por otro lado, el inciso (*g*) de la Regla 51.1 del Reglamento de este Tribunal dispone:

"(*g*) A solicitud de la parte apelada, o a iniciativa propia, el Tribunal dispondrá que una apelación civil se tramite y se resuelva como un recurso de revisión para revisar sentencias finales del Tribunal Superior, si resultare del expediente, o de copia de las constancias del mismo, que no hay planteada o resuelta una cuestión constitucional sustancial al amparo de la Constitución de los Estados Unidos o la del Estado Libre Asociado de Puerto Rico." (²)

Amparándose en las dos disposiciones precedentemente transcritas y en la sec. 14 de la Ley de la Judicatura, según ésta fue enmendada por la susodicha Ley núm. 115, los demandantes-apelados han radicado en la Secretaría de este Tribunal un escrito titulado "Solicitud de Trámite y Resolución como Recurso de Revisión". En dicho escrito alegan que en la sentencia apelada no se plantea o resuelve ninguna cuestión constitucional al amparo de la Constitución de los Estados Unidos o la de Puerto Rico y por tal motivo dicha sentencia no es apelable para ante este Tribunal; que la presente apelación es de naturaleza frívola y dilatoria y que por tal motivo este Tribunal, en el ejercicio de su discreción, debe negarse a expedir el auto de revisión. Termina dicho escrito con la súplica de que este Tribunal "disponga que la presente apelación se tramite y resuelva como un recurso de revisión, y que asimismo resuelva no ha lugar a la revisión de la sentencia del Tribunal Superior en este caso."

---

(²) Por resolución de este Tribunal de 29 de julio de 1958 y efectivo el 31 de julio de 1958, se enmendaron los párrafos (*a*), (*c*), (*d*), (*e*), (*f*) y (*j*) de la Regla 10 y el párrafo (*a*) de la Regla 15 del Reglamento del Tribunal Supremo y se adicionó la Regla 15.1 a dicho Reglamento.

Las demandadas-apelantes contestaron oponiéndose a la solicitud de los apelados y conjuntamente con dicha contestación radicaron una "Solicitud de Revisión" en la que exponen los fundamentos por los cuales la sentencia apelada debe ser revocada. A esta solicitud se opusieron a su vez los apelados y acompañaron a su oposición un memorándum de doce páginas en el cual discuten los méritos de las cuestiones planteadas por las demandadas-apelantes.

No hay controversia en cuanto a que la sentencia apelada no plantea o resuelve cuestión constitucional sustancial. Por lo tanto, es de aplicación a esta apelación lo dispuesto en el art. 3 de la Ley núm. 115 de 26 de junio de 1958 al efecto de que "se tramitará y se resolverá como si tratase de un recurso de revisión." Sin embargo, ello no significa que las demandadas-apelantes, cuyo recurso de apelación se interpuso con anterioridad al día 31 de julio de 1958, vengan obligadas por ley a solicitar de este Tribunal la expedición de un auto de revisión según éste se provee en el apartado (b) de la sec. 14 de la Ley de la Judicatura a fin de lograr la revisión de la sentencia apelada.

Las apelaciones de sentencias en casos civiles que no plantean o resuelven una cuestión constitucional sustancial, pendientes a la fecha en que comenzaron a regir la Ley núm. 115 y las Reglas de Procedimiento Civil, o sea, pendientes en julio 31 de 1958, se ajustarán de esa fecha en adelante, en cuanto a los trámites subsiguientes para el perfeccionamiento del recurso, al procedimiento establecido para el recurso de revisión. En otras palabras, dichas apelaciones continuarán tramitándose en la etapa en que se encontraban el día 31 de julio de 1958 como si se tratase de un recurso de revisión y en su consecuencia, los procedimientos posteriores a dicha etapa deben conformarse al trámite procesal establecido por ley para los recursos de revisión.

Considerando las distintas etapas del trámite procesal en que han podido encontrarse las referidas apelaciones civiles para el día 31 de julio de 1958, tanto en el tribunal senten-

ciador como ante este Tribunal, no creemos razonable interpretar la Ley núm. 115 en el sentido de que fue la intención del legislador obligar a los apelantes en dichos casos a radicar ante este Tribunal un recurso de revisión de una sentencia que ya había sido apelada para la fecha en que comenzó a regir la susodicha Ley núm. 115. (³)

Ahora bien, en cuanto a la solicitud de los demandantes-apelados para que el presente recurso se tramite y resuelva como un recurso de revisión y para que en el ejercicio de nuestra discreción nos neguemos a revisar la sentencia apelada a base de que esta apelación es de naturaleza frívola y dilatoria, este Tribunal, en su oportunidad, dispondrá del recurso según corresponda con arreglo a derecho.

Habiéndose elevado ya a este Tribunal la transcripción de la evidencia debidamente aprobada y certificada por el Tribunal sentenciador, deberá completarse el expediente de este

---

(³) Al interpretar en esta forma la Ley núm. 115, hemos considerado, entre otras, las siguientes razones: (1) Ni la Ley núm. 115, ni las Reglas de Procedimiento Civil vigentes fijan un término para la interposición de un recurso de revisión en aquellos casos civiles ya apelados para la fecha de vigencia de ambos cuerpos legales, ni se nos concedió por ley facultad para fijar dicho término; (2) la interposición de recursos de revisión en todas las apelaciones civiles pendientes el día 31 de julio de 1958 traería como consecuencia una congestión inusitada en el calendario de este Tribunal. Aunque no conocemos el número de apelaciones civiles pendientes de trámite ante el Tribunal Superior el día 31 de julio de 1958, sí sabemos que para dicha fecha había pendiente ante este Tribunal alrededor de 682 apelaciones civiles. No podemos atribuir a la Legislatura una intención que resultaría contraria a los propios fines y objetivos de la Ley núm. 115; (3) En cada una de las apelaciones en trámite ante el Tribunal Superior, los abogados de los apelantes se verían obligados a estudiar y preparar precipitadamente, en un corto período de tiempo, los correspondientes recursos de revisión. Por otro lado, la expedición por nosotros de recursos de revisión en esos casos crearía una gran confusión en cuanto a los trámites subsiguientes para el perfeccionamiento del recurso. No sería fácil determinar, si dichos trámites, dependiendo de la etapa en que se encontraran las apelaciones, podrían ajustarse a los términos y procedimientos establecidos por las Reglas de Procedimiento Civil; (4) En cuanto a las apelaciones civiles pendientes ante este Tribunal el día 31 de julio de 1958, ya sometidas para decisión o listas para señalamiento de vista y en aquéllas en que el apelante ha radicado su alegato con el correspondiente señalamiento y discusión de errores, constituiría una duplicidad de trabajo, inútil e innecesario, la interpsición de recursos de revisión en dichos casos.

recurso según lo disponen las Reglas 54.1 y 54.5 de las de Procedimiento Civil vigentes, dentro de treinta días a partir de la fecha en que se notifique la resolución que habrá de dictarse de conformidad con los términos de esta opinión.