EL PUEBLO DE PUERTO RICO en interés del menor G. A. C., apelante.

Número: O-69-217          Resuelto: 6 de marzo de 1972

*José B. Díaz Asencio, Felipe Cirino Colón, Fermín B. Arraiza, José Hamid Rivera* y *Jackie H. Santos de Thomas,* abogados del apelante; *Gilberto Gierbolini, Procurador General,* y *Ruth Tentori de Lebrón Velázquez, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El menor G. A. C. cometió una falta que de haber sido cometida por un adulto hubiese constituido hurto mayor. Celebrada la vista del caso en sus méritos, el menor fue declarado incurso en la falta imputada. El tribunal, luego de conocer el informe social rendido en el caso, dispuso del asunto entregando la custodia del menor al Secretario de Salud[1] para que éste ingresara al referido menor en una de

---

[1] Ahora Secretario de Servicios Sociales 3 L.P.R.A. sec. 211d(a).

las instituciones bajo su supervisión hasta que el menor "logre su rehabilitación total."

No conforme con la determinación del tribunal de instancia en cuanto a su aspecto dispositivo, apeló y señala cuatro errores. Todos los errores van dirigidos a cuestionar el hecho de que no se le concedió una vista separada sobre disposición, alegando que ello viola el debido procedimiento de ley. Hace especial énfasis en que se le negó "el derecho a confrontarse y contrainterrogar las personas que prepararon los informes considerados en la disposición y a las personas que proveyeron información para la preparación de los mismos." En forma alguna cuestiona la determinación que se hizo en la fase adjudicativa del caso en la que se le declaró incurso en la falta antes señalada.

Lo que pretende el apelante es que el no concederle una vista separada sobre disposición para poder repreguntar a todos aquellos que intervinieron en la preparación del informe social en que se basó el tribunal para disponer su ingreso en una institución del estado, constituye una violación de sus derechos a la luz de *In Re Gault*, 387 U.S. 1 e *In Re Winship*, 397 U.S. 358.

No tiene razón. No tenemos ante nuestra consideración en este caso planteamiento alguno similar a los resueltos en *Gault* o en *Winship*. En dichos casos se les extiende a los menores en la fase adjudicativa del proceso, las garantías constitucionales del debido procedimiento de ley que rigen en los juicios contra adultos. En el de *Gault*, a la página 31, el Tribunal Supremo de Estados Unidos hace la salvedad de que todo lo resuelto allí sobre los requisitos procesales en la etapa adjudicativa no necesariamente es aplicable a las otras etapas de los casos de menores. Reconoce que esto tiene que ser así porque los problemas envueltos en el trato pre-adjudicativo y en la disposición post-adjudicativa de los menores son únicos a estos casos.

■ Nuestra Ley de Menores, 34 L.P.R.A. secs. 2001 a 2015, no dispone una vista separada para disponer del caso luego de una adjudicación en los méritos del mismo. El juez de instancia puede resolver en cuanto a la disposición del menor en la misma vista en que se declaró incurso en falta a éste. Esto fue lo que hizo el tribunal en el presente caso. Tal actuación de por sí no viola el debido procedimiento de ley.

El juez que presidió la vista veló por los derechos del menor y dio estricto cumplimiento a las disposiciones de la Ley y Reglas de Menores. Al utilizar el informe social para disponer del caso, reveló al menor, a su padre y a la representación legal del menor, las partes del mismo en que se basó para fundamentar su orden. Así lo dispone la Regla 7.2 de las de Menores. 34 L.P.R.A. Ap. I.

Surge de los autos que en momento alguno se le negó el derecho al menor de ser oído en cuanto a quién debe tener su custodia y de interrogar a las personas que hicieron los informes. Durante la vista el juez de instancia se expresó en los siguientes términos:

"El Tribunal entiende, compañero, que no tiene motivo ninguno de dudar de la información que se ha suministrado en los dos informes que hemos mencionado. El informe de la División de Servicios Sociales del Tribunal y el informe de la Oficina de Bienestar Público que por tanto tiempo ha venido supervisando en alguna forma la familia completa del menor. Por esa razón el Tribunal resolvió que, entendía que era menester para protección del menor, para protección del menor [sic] entregarle la custodia al Secretario de Salud. Por esa razón vamos a declarar otra vez sin lugar la petición del compañero, *sin que esto se entienda que estamos cerrando puertas para que se realice la gestión que quiera realizar el padre del menor para informarle al Tribunal la condición de él, así como tampoco para que se calendarice una vista si lo solicita el compañero como ya lo ha hecho para que tenga la oportunidad de interrogar a las personas que hicieron los informes.*" (Énfasis nuestro.)

■ Esta actuación del tribunal está de acuerdo a las disposiciones de las Reglas de Menores. Éstas proveen el

mecanismo adecuado para lograr lo que pretende el menor apelante. La Regla 9.6(b) dispone que ". . . el Secretario de Salud, el padre o encargado del menor, el director de la institución en que se encuentre el menor o el propio menor podrán en cualquier momento radicar una solicitud fundamentada solicitando que cese la custodia del menor o que se restituya su custodia al peticionario cuando éste sea el padre o encargado del menor o que se tome cualquier otra providencia compatible con la Ley," y el apartado (c) de la misma regla provee para una vista e investigación donde se recibirá precisamente la prueba que interesa el menor, luego de la cual el juez resolverá si modifica su resolución original en cuanto a la custodia.

*Se confirmará la resolución apelada.*

El Juez Presidente, Señor Negrón Fernández, no intervino.