R. A. M., peticionario, *v.* Tribunal Superior de Puerto Rico, Sala de San Juan, Hon. Carlos Maldonado Casillas, Juez, demandado.

Número: O-73-79     Resuelto: 20 de mayo de 1974

*María Laura Colón* y *Judith Torres Medina,* abogadas del peticionario; *Peter Ortiz, Procurador General Interino,* y *Magda E. Haydar de Martí, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

La cuestión a resolver en este recurso ([1]) es: Si es necesario probar más allá de duda razonable la comisión de una falta imputada a un menor, cuya falta equivaldría a un delito público si la misma hubiere sido cometida por un adulto.

Los postulados básicos de nuestro sistema de ley, orden y justicia encuentran apoyo en la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico al reconocer y proteger los derechos fundamentales que acompañan a todo acusado en un proceso criminal, y que están dirigidos a asegurarle que no habrá de ser privado de su libertad sin el debido proceso de ley. Artículo II, Sec. 11 de la Constitución del Estado Libre Asociado. Uno de dichos derechos fundamentales lo constituye la presunción de inocencia.

El Procurador General alega que siendo el procedimiento de menores uno de naturaleza civil y no criminal (34 L.P.R.A. sec. 2011), las garantías constitucionales aplicables a los procesos criminales no protegen a los menores en los casos en que se les imputen faltas que de haber sido cometidas por

---

([1]) La representación legal del menor intituló su recurso como uno de *certiorari.* El recurso adecuado y pertinente para revisar las resoluciones y órdenes del Tribunal Superior en los procedimientos de menores, que ponen fin al asunto ante el Tribunal, es la revisión o la apelación, según sea el caso. *E.L.A. en Interés R.M.R.,* 83 D.P.R. 242 (1961). Hemos considerado el recurso como uno de apelación.

Como se sabe, el término para radicar el recurso de revisión o apelación empieza a contarse desde el archivo en autos de copia de la resolución del Tribunal Superior que dispone finalmente del asunto, o sea, cualquiera de las órdenes o resoluciones que autoriza el Art. 10 de la Ley de Menores, 34 L.P.R.A. secs. 2001, 2010.

adultos constituirían delitos públicos.([2]) No tiene razón el Procurador General. De prevalecer la posición del Procurador General se estaría despojando a los menores de la presunción constitucional de inocencia, que exige como elemento y garantía concomitante la comprobación más allá de duda razonable de la certeza de la imputación de la falta.([3])

No podemos olvidar que la naturaleza civil de los procedimientos que envuelven la violación de estatutos criminales por menores constituye una ficción de ley cuyo propósito es el de tender un velo protector sobre la reputación de los menores. Así, la ley que establece los procedimientos judiciales en relación con menores (34 L.P.R.A. secs. 2001 a 2015) en su exposición de motivos establece ". . . un mecanismo legal que habilite a la autoridad judicial para ejercer con relación a los niños abandonados y a los niños desajustados y con relación a sus padres o a las personas encargadas de su cuidado y mantenimiento, aquellas funciones inherentes a su condición de 'parens patriae' sin tener que considerar al niño como delincuente . . . ." 34 L.P.R.A. sec. 2001, Historial. Tales procedimientos no aparejan la pérdida de los derechos civiles que normalmente resultan de una convicción, ni consideran al niño un criminal o un convicto de resultar incurso en la falta imputada, ni exigen que se le acuse o condene (excepto en ciertas circunstancias si fuere mayor de 16 y menor de 18), ni requieren la prestación de fianza. También ofrece la ley protección al menor al proveer que ningún procedimiento, orden o resolución de un juez ni la evidencia admitida durante la ventilación de un asunto contra un menor constituirá impedimento para que el menor pueda solicitar empleo o nombramiento para un puesto o cargo dentro del servicio público. 34 L.P.R.A. sec. 2011. Aun más, la ley es-

---

([2])*Pueblo* v. *Tribunal Superior,* 100 D.P.R. 80, 83–84 (1971); *E.L.A. en Interés R.M.R.,* 83 D.P.R. 242, 248 (1961); *Pueblo* v. *Montalvo Acevedo,* 83 D.P.R. 727, 731 (1961).

([3])Véanse *Pueblo* v. *Túa,* 84 D.P.R. 39, 53–54 (1961); *In Re Winship,* 397 U.S. 358, 361–364 (1970).

pecíficamente prohibe la inspección pública de los expedientes de los casos de menores. 34 L.P.R.A. sec. 2007.

Pero no por ello podemos dejar de aplicar a los menores a quienes se les atribuyen violaciones de los estatutos criminales las mismas exigencias en cuanto a la norma de duda razonable que aplicamos a los adultos. El menor está sujeto, al igual que el adulto, al estigma resultante de una determinación de que ha violado un estatuto criminal, y asimismo está expuesto a la posibilidad de reclusión en una institución disciplinaria, (⁴) que envuelve necesariamente la privación de su libertad. No debe pues exponerse a un menor a las consecuencias señaladas en base a una prueba que sería insuficiente para condenar a un adulto. Véase *In Re Winship,* supra, pág. 367.

En *E.L.A. en Interés R.M.R.,* 83 D.P.R. 242 (1961), dejamos sentado que aunque los procedimientos de menores no son causas criminales, el "niño" puede reclamar aquellas garantías constitucionales que le aseguren un "trato justo" y un debido procedimiento de ley. También en *Pueblo* v. *Figueroa González,* 95 D.P.R. 98 (1967), resolvimos que a un menor le protege en todo momento la garantía constitucional contra la autoincriminación como parte del trato justo y debido proceso de ley a que tiene derecho.

■ Los procedimientos de menores, *en su etapa adjudicativa,* deben revestirse de aquellas salvaguardas y garantías de la libertad individual reconocidas por nuestra Carta de Derechos (Art. II, Sec. 11 de la Constitución del Estado Libre Asociado de Puerto Rico), que no desnaturalicen el procedimiento especial *sui generis* y los propósitos de la Ley de Menores. (⁵) Véanse: *Pueblo ex rel G.A.C.,* 100 D.P.R. 456, 457

---

(⁴) Para otras medidas que puede tomar el tribunal en relación con menores véase 34 L.P.R.A. sec. 2010.

(⁵) Este caso no está adjudicando la aplicabilidad al procedimiento de menores de todos los derechos constitucionales garantizados a los acusados en procesos criminales.

(1972) ; *Pueblo* v. *Figueroa González,* supra, pág. 102; *E.L.A. en Interés R.M.R.,* supra; *Ivan* v. *City of New York,* 407 U.S. 203 (1972) ; *In Re Winship,* supra; *In Re Gault,* 387 U.S. 1 (1966) ; *Kent* v. *United States,* 383 U.S. 541 (1966) ; *Haley* v. *Ohio,* 332 U.S. 596, 601 (1948).

Establecido y esclarecido el derecho, veamos los hechos. Al menor en cuestión, quien tenía 16 años de edad a la fecha de los hechos, se le imputó haber sustraído un televisor valorado en $348 de la residencia de su madre, con quien vivía a la fecha de los hechos. (6) Relató la madre del menor que el 15 de agosto de 1973 estuvo viendo la televisión junto con su marido y sus tres hijos, incluyendo el menor a quien se le imputa la falta y otras dos hijas de 14 y 15 años de edad respectivamente, hasta las 9:30 de la noche, hora en que ella y su marido se fueron a acostar. Atestó la madre que al retirarse con su esposo al dormitorio, permanecieron los "nenes" viendo el televisor; que no sabe la hora en que se acostaron sus hijos; que al otro día por la mañana se percató que el televisor había desaparecido; que al levantarse, el menor imputado no estaba en la casa; que se querelló a la Policía, informándole que creía que el referido menor lo había cogido pero que no lo había visto hacerlo; que luego vino el Policía Crespo con el menor imputado, quien había sido intervenido por el agente Crespo en la escuela a requerimiento de la principal; que el televisor nunca fue recuperado; que ambas hijas, para la fecha de los hechos, estaban "en la escuela" y que nunca había tenido dificultad con ellas. El policía Crespo declaró que detuvo al menor en el pasillo de la escuela luego de haberse quejado la principal de que el menor estaba molestando en la escuela y que estaba "endrogado"; que el menor casi no podía andar, hablaba incoherentemente y estaba medio soñoliento.

---

(6) De haber sido un adulto tal acto constituiría un delito de hurto mayor.

■ No cabe la menor duda de que la prueba resumida no rebatió la presunción de inocencia del menor imputado. Más aun, la prueba fue tan débil que podría afirmarse que ni siquiera se probó la falta por la preponderancia de la evidencia, requisito de prueba exigido en los casos civiles.

*Por los fundamentos expuestos se revocará la resolución del tribunal de instancia que declara al menor incurso en la falta imputada.*

El Juez Asociado Señor Rigau, disintió en voto separado.

—o—

Voto Disidente del Juez Asociado Rigau.

San Juan, Puerto Rico, a 20 de mayo de 1974

He leído íntegra la transcripción de evidencia en este caso. Estoy convencido, como lo estuvo el juez de instancia, de que "el nene" (quién estaba próximo a cumplir 17 años de edad a la fecha de los hechos) hurtó el televisor para endrogarse.

Epílogo de los hechos: Al día siguiente a la noche del hurto, la policía tuvo que intervenir con el peticionario a solicitud de la principal de la escuela porque estaba desordenando y no dejaba dar clases. Estaba "con la dosis", como declaró una testigo.

Por no tener duda de que el apelante cometió el hurto es que disiento.