Iris M. Iglesias por y para Santiago Rodríguez Iglesias, demandante y peticionaria, *v.* Hon. Zoraida M. Buxó, demandante y recurrida.

*Número:* CE-94-712          *Resuelto:* 22 de noviembre de 1994

*Gustavo A. Quiñones Pinto,* abogado el peticionario; *Carlos Lugo Fiol, Subprocurador General,* y *Grisel Hernández Esteves, Procuradora General Auxiliar,* abogados del Departamento de Corrección y Rehabilitación del Estado Libre Asociado de Puerto Rico.

## SENTENCIA

Santiago Rodríguez Iglesias nos solicitó que revoquemos la decisión del Tribunal Superior que denegó su petición de excarcelación por encontrarse en una prisión preventiva por más de seis (6) meses, en violación de la Sec. 11 del Art. II de la Constitución del Estado Libre Asociado, L.P.R.A., Tomo 1.

Mediante una resolución, le concedimos un término al Procurador General para que se expresara sobre el recurso. Examinado el escrito del Procurador General en cumplimiento de esta resolución, revocamos el dictamen recurrido sin ulteriores procedimientos.

### I

El peticionario Santiago Rodríguez Iglesias se encuentra detenido preventivamente desde el 22 de enero de 1994. El tribunal ordenó su detención al amparo del Art. 20 de la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2220, el cual permite la detención de menores antes de una vista adjudicativa.

Posteriormente, el 6 de junio de 1994, el Tribunal Superior, Sala de Asuntos de Menores, ordenó el traslado del caso a la Sala de lo Civil del Tribunal Superior para que fuera juzgado como adulto. En su orden se le fijó una fianza por cada uno de los delitos imputados. Debido a que el menor no prestó la fianza, fue ingresado en la Cárcel Regional de Bayamón el 14 de julio de 1994.

El 21 de septiembre de 1994, Rodríguez sometió un recurso de hábeas corpus ante el Tribunal Superior en el cual planteó que su detención preventiva violaba las disposiciones de la Sec. 11 del Art. II de la Constitución del Estado Libre Asociado, *supra*, que prohíbe el que una persona esté recluida preventivamente por más de seis (6) meses.[1] El Tribunal Superior denegó la solicitud del peticionario quien, a su vez, recurrió a este Foro.

## II

La Sec. 11 del Art. II de la Carta de Derechos de nuestra Constitución dispone que "[l]a detención preventiva antes del juicio no excederá de seis meses". Const. E.L.A., L.P.R.A., Tomo 1, ed. 1982, pág. 308. El término de seis (6) meses "es tan y tan perentorio que si llegan los seis meses y el acusado no ha sido sometido a juicio, la corte tiene que ponerlo en la calle por un hábeas corpus, inmediatamente que hayan pasado los seis meses". 3 Diario de Sesiones de la Convención Constituyente 1595 (1952), expresiones del Delegado, señor Alvarado. E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1992, Vol. II, pág. 462.

El precepto constitucional sobre la detención preventiva constituye una limitación al poder de custodia del Estado. "[C]on él se tendió a garantizar al ciudadano contra posibles excesos de autoridad, evitando que la restricción efec-

---

[1] El peticionario alega que el tiempo que estuvo recluido como menor debe tomarse en cuenta al hacer el cómputo de los seis (6) meses.

tiva de la libertad —cuando ha mediado causa probable para arresto— se convierta, de hecho, en castigo anticipado por un delito no juzgado". *Sánchez v. González*, 78 D.P.R. 849, 854 (1955), opinión del Juez Asociado Señor Negrón Fernández, con la cual concurrieron el Juez Presidente Señor Snyder y el Juez Asociado Señor Sifre.

La importancia de la limitación a la detención preventiva, consagrado en nuestra Constitución, fue explicada hace casi cuatro (4) décadas en la citada opinión del Juez Asociado Señor Negrón Fernández. A esos efectos, allí se señaló lo siguiente:

> La Convención [Constituyente] obviamente estimó que un período mayor de detención en espera del juicio, en defecto de fianza, constituía un gravamen sobre el ciudadano que, presumiéndose inocente hasta el momento de recaer convicción, era restringido por el Estado —en el ejercicio de su poder de custodia— en el disfrute de su libertad personal, con el solo propósito de hacerle comparecer a juicio en su día. *Consideró preferible rendir la custodia de un acusado después de ese período, antes que hacer vulnerable la integridad de su derecho a la presunción de inocencia —que también consagraba en la propia Constitución—* si dejaba ilimitado el ejercicio de ese poder de custodia por la mera utilidad de que el Estado le tuviera disponible para llevarle al tribunal. (Escolio omitido y énfasis suplido.) *Sánchez v. González, supra*, págs. 856–857, opinión del Juez Asociado Señor Negrón Fernández.

## III

En el caso de autos el menor estuvo detenido preventivamente desde el 22 de enero de 1994. Inicialmente fue detenido en el Hogar Juvenil de Humacao y, posteriormente, cuando el Tribunal Superior, Sala de Asuntos de Menores, renunció su jurisdicción sobre el peticionario, él fue encarcelado en la Cárcel Regional de Bayamón. Durante ese período de tiempo el Estado no pudo iniciar el procesamiento criminal del imputado. Tampoco ha podido explicar ante nos las razones por las cuales no se ha podido iniciar el juicio correspondiente.

Consideradas las circunstancias peculiares bajo las cuales se ha mantenido al menor en detención preventiva por un período de diez (10) meses y el hecho de que el Tribunal Superior, Sala de Asuntos de Menores, renunció la jurisdicción sobre el menor y que ahora se le está juzgando como adulto, procede su inmediata excarcelación.

Por los fundamentos antes esbozados, *se expide el auto, se revoca la resolución recurrida y se ordena la excarcelación inmediata del peticionario Santiago Rodríguez Iglesias. Además, se devuelve el caso al foro de instancia para que, a la mayor brevedad posible, continúe con los procedimientos correspondientes.*

Así lo pronunció y manda el Tribunal, y certifica el señor Secretario General. El Juez Asociado Señor Hernández Denton emitió una opinión concurrente, a la cual se unió el Juez Asociado Señor Rebollo López. La Juez Asociada Señora Naveira de Rodón emitió una opinión disidente, a la cual se unió el Juez Presidente Señor Andréu García.

(*Fdo.*) Francisco R. Agrait Lladó

— O —

Opinión concurrente emitida por el Juez Asociado Señor Hernández Denton, a la cual se une el Juez Asociado Señor Rebollo López.

Mediante recurso de hábeas corpus comparece ante nos el peticionario Santiago Rodríguez Iglesias (en adelante Rodríguez Iglesias) y solicita que revoquemos la resolución del Tribunal Superior, Sala de Humacao, que deniega su solicitud de excarcelación, solicitud que se fundamenta en el hecho de que lleva más de seis (6) meses detenido preventivamente en contravención al Art. II, Sec. 11 de nuestra Constitución, L.P.R.A., Tomo 1. Por considerar que no existe razón válida en derecho para que se les niegue a los menores de edad que son encausados bajo la Ley de Meno-

res de Puerto Rico el reconocimiento del derecho a quedar en libertad a los seis (6) meses de estar detenidos preventivamente, concurrimos con la sentencia emitida por esta Curia que revoca el dictamen recurrido.

## I

El peticionario Rodríguez Iglesias se encuentra detenido preventivamente desde el 22 de enero de 1994. Los primeros cuatro y medio (4 1/2) meses estuvo recluido en el Hogar Juvenil de Humacao. Sin embargo, el 6 de junio de 1994 se celebró una vista de renuncia de jurisdicción y, como resultado, fue transferido a la Cárcel Regional de Bayamón.

El 21 de septiembre de 1994 Rodríguez Iglesias sometió un recurso de hábeas corpus ante el Tribunal Superior en el cual planteó que su detención preventiva violaba las disposiciones del Art. II, Sec. 11 de la Constitución del Estado Libre Asociado, *supra*, que prohíben que una persona esté recluida preventivamente por más de seis (6) meses.[1] El Tribunal Superior denegó la solicitud del peticionario, quien, a su vez, recurrió a este Foro.

## II

A los procedimientos de menores siempre les ha cobijado un ordenamiento jurídico "predicado en el principio de que nadie será privado de su libertad y propiedad sin un debido proceso de ley". *Pueblo en interés menor M.A.F.L.*, 126 D.P.R. 238, 247 (1990), opinión disidente. Es por ello que, si bien la Ley de Menores de Puerto Rico fue en un principio redactada con el fin primordial de crear un ambiente informal para la resolución de asuntos juveniles, ello no ha

---

[1] El peticionario alega que el tiempo que estuvo recluido como menor debe tomarse en cuenta al hacer el cómputo de los seis (6) meses.

servido de impedimento para que, como intérprete máximo de nuestra Constitución, este Tribunal haya optado por reconocerle cada vez mayores garantías constitucionales a los menores procesados bajo dicha ley. Informe del Comité de Justicia Juvenil de la Conferencia Judicial, Secretariado de la Conferencia Judicial, octubre de 1980, pág. 15 (en adelante el Informe).

En los últimos años ha habido una marcada tendencia hacia una merma en las diferencias entre los procedimientos de menores y los de adultos, en lo concerniente a la aplicación de las garantías constitucionales. De hecho, ya para 1976, el Informe sometido al Consejo sobre la Reforma de la Justicia en Puerto Rico por la Comisión de Menores y Relaciones de Familia expresó que

> "... la calificación del proceso juvenil como uno 'civil' no ... ha de privar al menor de los derechos inherentes de un proceso criminal, ya que 'reclusión' es privación de libertad, encarcelamiento en contra de la voluntad de la persona, ya se catalogue el proceso como uno de índole 'criminal' o 'civil'." Íd., págs. 160–161, citado en Informe, pág. 17.

La Exposición de Motivos de la nueva Ley de Menores de Puerto Rico, Ley Núm. 88 de 9 de julio de 1986, Leyes de Puerto Rico, pág. 285, refleja esta tendencia hacia una reducción en las diferencias entre los procedimientos de adultos y menores. Ésta describe el enfoque de dicha ley como "ecléctico", pues si bien busca rehabilitar al menor, le exige una mayor responsabilidad por sus actos. *Pueblo en interés menores A.L.R.G. y F.R.G.*, 132 D.P.R. 990 (1993).

Al tener ocasión de interpretar dicha ley por primera vez en *Pueblo en interés menor R.G.G.*, 123 D.P.R. 443 (1989), dispusimos que "[s]i bien el procedimiento continúa siendo sui géneris, al limitarse así su alcance ha adquirido matices de naturaleza punitiva que van más allá del propósito meramente rehabilitador y paternalista de la antigua ley". Íd., pág. 460.

Consustancial a este nuevo enfoque punitivo ha sido el reconocimiento de aún más derechos constitucionales a los menores procesados bajo esta ley. Así, por ejemplo, recientemente hemos reconocido el derecho de los menores a un juicio rápido;[2] el derecho contra la autoincriminación;[3] el derecho de un menor a rebatir la prueba del Estado,[4] y el derecho de un menor a tener una representación legal adecuada.[5]

Únicamente los derechos a fianza y juicio por jurado han permanecido fuera del ámbito de estos procedimientos. Así lo dispone expresamente la Ley de Menores de Puerto Rico. Véanse: Art. 8 y 10 de la Ley de Menores de Puerto Rico, 34 L.P.R.A. secs. 2208 y 2210. Ello se hizo con el propósito de mantener la informalidad de los procedimientos y salvaguardar su confidencialidad, y obedeció esencialmente a dos (2) consideraciones:

> ... primero, que la alternativa de dejar al menor bajo la custodia de sus padres sería utilizada con prioridad a la detención en todo caso tra[í]do ante el Tribunal; [y] segundo, que en los casos donde fuera ordenada la detención, el interés comunal de velar por el bienestar y seguridad del menor sería patente. Informe, pág. 41.

Para contrarrestar la onerosidad de una detención preventiva sin derecho a fianza, la Ley de Menores de Puerto Rico establece mecanismos alternos que garantizan la rápida comparecencia de los menores ante un juez. Véase la opinión disidente del Juez Asociado Señor Hernández Denton en *Pueblo en interés menor M.A.F.L.*, supra, pág. 246. Así, por ejemplo, la Regla 2.9(d) de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, requiere la celebración de una vista de determinación de causa probable

---

[2] *Pueblo en interés menor R.G.G.*, 123 D.P.R. 443 (1989).

[3] *Pueblo en interés menor R.H.M.*, 126 D.P.R. 404 (1990).

[4] Íd.

[5] *Pueblo en interés menores A.L.R.G. y F.R.G.*, 132 D.P.R. 990 (1993).

dentro de los tres (3) días siguientes a la detención preventiva del menor.

Por otro lado, la extensión del derecho a un juicio rápido a los procedimientos de menores ha servido como un mecanismo adicional para garantizar que dichos procedimientos se lleven a cabo con la premura necesaria. De hecho, al analizar recientemente el derecho del menor a un juicio rápido, dispusimos que "aunque el Estado tiene un interés legítimo en la detención provisional, esto no significa que un menor pueda estar recluido por [un] tiempo excesivo". *Pueblo en interés menor M.A.F.L.*, supra, pág. 248, opinión disidente. En otras palabras, expresamos que el hecho de que no se aplique el derecho a fianza a los procedimientos de menores no es razón para cometer abusos en lo que respecta a la detención preventiva; por ello la necesidad de extender el derecho a un juicio rápido a dichos procedimientos.

La disposición constitucional que consagra el derecho a un juicio rápido tiene una estrecha relación con la limitación constitucional a la detención preventiva. Ambas tienen el propósito común de "impedi[r] la encarcelación prolongada de quien no ha podido prestar fianza". O.E. Resumil, *Derecho Procesal Penal*, New Hampshire, Ed. Equity, 1993, T. II, Sec. 25.4, pág. 249.

Al igual que el derecho a juicio rápido, la disposición sobre la detención preventiva tuvo el propósito fundamental de obligar al Ministerio Público a ser diligente al iniciar la celebración del juicio. Resumil, *op. cit.*, 1990, T. 1, Sec. 6.23, pág. 149. Los forjadores de nuestra Constitución vieron en esta disposición "una garantía al ciudadano contra posibles excesos de autoridad" y una manera de evitar "que la restricción efectiva de libertad ... se [convirtiera] en castigo anticipado por un delito no juzgado". Íd. Como expresamos en *Sánchez v. González*, 78 D.P.R. 849 (1955), la Convención Constituyente "[consideró] preferible rendir la custodia de un acusado después de [los seis (6) meses] an-

tes de hacer vulnerable la integridad de su derecho a la presunción de inocencia". Íd., pág. 857.

Ante la innegable realidad de que al detener a un menor en un hogar juvenil se le priva de su libertad en contra de su voluntad, y la estrecha relación que existe entre el derecho a un juicio rápido y la disposición constitucional sobre la detención preventiva, consideramos prudente extender este último derecho a los procedimientos de menores. Así impartimos continuidad a la hasta ahora tendencia muy marcada hacia la concesión de mayores garantías constitucionales a los procedimientos de menores.

No debemos olvidar nuestras palabras en el caso reciente *Pueblo en interés menores A.L.R.G. y F.R.G.*, supra. Entonces dispusimos que el reclamo de rehabilitación y protección del menor debe analizarse dentro de un adecuado balance entre los intereses involucrados. Hay veces cuando el interés en proteger al menor puede confligir con otros intereses individuales no menos importantes y legítimos. Ante la jerarquía de estos otros intereses, el primero siempre debe ceder. Íd. En el caso de marras, el derecho constitucional a quedar en libertad a los seis (6) meses de la detención preventiva es sin duda alguna de mayor jerarquía que el reclamo de rehabilitación y protección del Estado.

Por todo lo anterior, concurrimos con la revocación de la resolución recurrida.

— O —

Opinión disidente emitida por la Juez Asociada Señora Naveira de Rodón, a la que se une el Juez Presidente Señor Andréu García.

En este recurso se plantea si aplica a los menores detenidos al amparo de la Ley de Menores de Puerto Rico, Ley Núm. 88 de 9 de julio de 1986 (34 L.P.R.A. sec. 2201 *et seq.*), la protección establecida en la Sec. 11 del Art. II de la

Constitución del Estado Libre Asociado, L.P.R.A., Tomo 1, que dispone que la detención preventiva antes del juicio no excederá de seis (6) meses.

I

El menor peticionario Santiago Rodríguez Iglesias está acusado de participar, junto a un adulto, en la comisión de un robo ocurrido en Fajardo, el 10 de noviembre de 1993. Durante ese robo, un hombre fue asesinado.

La vista de aprehensión se llevó a cabo el 20 de enero de 1994. El menor fue detenido e ingresado al Hogar Juvenil de Humacao, el 22 de enero de 1994, por orden del Tribunal Superior, Sala de Asuntos de Menores. El tribunal ordenó su detención al amparo del Art. 20 de la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2220, el cual permite la detención del menor antes de la vista adjudicativa si, entre otras cosas, es necesario para la seguridad del menor, éste representa un riesgo para la comunidad o no existen personas responsables dispuestas a custodiar al menor y garantizar su comparecencia a los procedimientos subsiguientes.

Luego de determinarse causa probable contra el menor, el 17 de febrero de 1994, se presentaron unas querellas por infracciones al Art. 83 del Código Penal (asesinato estatutario), 33 L.P.R.A. sec. 4002, al Art. 73 del Código Penal (robo), 33 L.P.R.A. sec. 3374, y a los Art. 6 y 8 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 416 y 418. El 23 de febrero de 1994, la Procuradora de Menores solicitó la renuncia de jurisdicción del menor.

La vista de renuncia de jurisdicción fue pautada para el 16 de marzo de 1994, posponiéndose para el 3 de mayo de 1994 por anuencia de las partes, ya que los peritos no habían concluido la evaluación del menor. Luego de analizar la prueba, el Tribunal Superior, Sala de Asuntos de Menores, ordenó el traslado del caso a la Sala de lo Criminal del

Tribunal Superior, para que fuera juzgado como adulto. En su orden, el juez de instancia le fijó al menor una fianza de cincuenta mil dólares ($50,000) por el asesinato en primer grado, veinte mil dólares ($20,000) por el delito de robo, cinco mil dólares ($5,000) por infracción al Art. 6 de la Ley de Armas de Puerto Rico, *supra*, y cinco mil dólares ($5,000) por infracción al Art. 8 de la Ley de Armas de Puerto Rico, *supra*.

El 14 de junio de 1994 el Ministerio Público presentó las acusaciones. La lectura de acusación, en el Tribunal Superior, se llevó a cabo el 22 de junio de 1994. Debido a que el menor no prestó la fianza, fue ingresado en la Cárcel Regional de Bayamón el 14 de julio de 1994.

El 21 de septiembre de 1994, la representación legal del imputado solicitó su excarcelación o, en la alternativa, la rebaja de la fianza impuesta. Fundamentó su solicitud en que el acusado llevaba más de seis (6) meses en prisión preventiva, lo que violaba la Sec. 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, *supra*, que dispone que la detención preventiva antes del juicio no excederá de seis meses.

El 30 de septiembre de 1994 se celebró una vista para dilucidar lo planteado, luego de la cual el tribunal de instancia denegó la petición de excarcelación.

Inconforme, acudió ante nos el peticionario mediante recurso de hábeas corpus en el cual plantea el error siguiente:

> ¿Procede la excarcelación del peticionario, por haber éste estado en detención preventiva, antes de celebrársele juicio, en exceso de los seis meses que establece la Sección 11, del Artículo II, de nuestra Constitución, contando con el tiempo en detención preventiva como menor, unido al tiempo en detención como adulto?

Mediante Resolución de 7 de octubre de 1994, le concedimos al Procurador General un término para que se ex-

presara sobre el recurso. El Procurador General ha comparecido. Procedemos a resolver.

## II

La Sec. 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, *supra*, ed. 1982, pág. 308, dispone, en lo pertinente, que:

> Todo acusado tendrá derecho a quedar en libertad bajo fianza antes de mediar un fallo condenatorio.
> La detención preventiva antes del juicio no excederá de seis meses.[1]

Esta cláusula constitucional establece la prestación de fianza y la detención preventiva por un máximo de seis (6) meses como consecuencias alternas de una determinación positiva de causa probable para el arresto. O.E. Resumil de Sanfilippo, *Derecho Procesal Penal*, New Hampshire, Ed. Equity, 1990, T. 1, Sec. 6.14, pág. 135. Si el acusado no presta la fianza impuesta, permanecerá recluido en una institución penitenciaria. Esta detención preventiva, por disposición constitucional, tiene un límite máximo de seis (6) meses, período que transcurre contra el Ministerio Público el cual tiene la obligación de iniciar con diligencia la celebración del juicio. Íd., pág. 149.

En el Informe de la Comisión de la Carta de Derechos de la Convención Constituyente de Puerto Rico se señala lo siguiente sobre esta cláusula:

> ... La disposición limitando a seis meses la detención preventiva es nueva en nuestra jurisdicción. Tiene el propósito de impedir que se pueda encarcelar a una persona por más de seis

---

[1] Esta protección no tiene equivalencia en la Constitución de Estados Unidos de América.

meses sin celebrarse juicio. 4 Diario de Sesiones de la Convención Constituyente 2571 (1951).(²)

Surge de lo anterior que, como regla general, transcurrido el término de seis (6) meses sin que se celebre el juicio, la detención es ilegal, aunque ello no es óbice para que continúe el proceso. Es decir, el acusado no quedará exonerado del delito porque haya transcurrido dicho término; el juicio se celebrará con el acusado en libertad. *Pueblo v. Cruz Román*, 84 D.P.R. 451, 455 (1962). Tampoco constituye un error que justifique la revocación de una sentencia. *Pueblo v. Ortiz*, 76 D.P.R. 247, 249 (1954). El único efecto que tiene sobre el acusado el transcurso del mencionado término es que se puede lograr su excarcelación mediante la presentación de un recurso de hábeas corpus fundamentado en la ilegalidad de la detención. Íd. Pero como ya señaláramos, ello no es impedimento para que el proceso continúe. *Pueblo v. Monge Sánchez*, 122 D.P.R. 590, 595 (1988). Véase Resumil de Sanfilippo, *op. cit.*, págs. 135–151. El precepto constitucional sobre la detención preventiva constituye una limitación al poder de custodia del Estado. Mediante éste se le garantiza al ciudadano que no será sometido a posibles excesos de autoridad y se evita así que la restricción efectiva de la libertad —cuando ha medidado causa probable para arresto— se convierta, de hecho, en un castigo anticipado por un delito no juzgado. La Convención Constituyente consideró razonable el término de seis (6) meses para que el Estado lle-

---

(²) Durante los debates de la Convención Constituyente el Delegado Sr. Arcilio Alvarado señaló que dicho término "es tan y tan perentorio que si llegan los seis meses y el acusado no ha sido sometido a juicio, la corte tiene que ponerlo en la calle por un hábeas corpus, inmediatamente que hayan parado los seis meses". 3 Diario de Sesiones de la Convención Constituyente 1595 (1952). Posteriormente, el Delegado Sr. Jaime Benítez aclaró que "[é]sto lo que quiere decir es que en los casos donde no ha mediado juicio, una persona no puede estar detenida en la cárcel por más de seis meses. Llega el día del último mes de los seis meses y entonces lo ponen en la calle y eso no impide que se celebre juicio; pero se le celebra juicio ahora estando como si estuviera bajo fianza, sin estarlo". Íd., pág. 1597. Véase, además, el diálogo entre los Delegados Sr. Antonio Reyes Delgado y Sr. Arcilio Alvarado, íd., págs. 1594–1597.

vara a cabo su responsabilidad de someter a juicio a aquellos acusados que, por no haber podido prestar fianza para su libertad provisional, permanecían detenidos en espera de la celebración del juicio. Véase la opinión concurrente del Juez Asociado Señor Negrón Fernández en *Sánchez v. González*, 78 D.P.R. 849, 850–858 (1955).([3])

## III

En el caso de autos, nos corresponde determinar si esta protección constitucional se extiende a los menores de edad detenidos al amparo del Art. 20 de la Ley de Menores de Puerto Rico, *supra*. La derogada Ley de Menores de Puerto Rico, Ley Núm. 97 de 23 de junio de 1955 (34 L.P.R.A. ants. secs. 2001–2015), establecía la norma de separación entre los procedimientos relativos a menores y los procesos penales aplicables a adultos, al señalar que los procedimientos de menores gozaban de una naturaleza sui géneris. *Pueblo ex rel. J.L.D.R.*, 114 D.P.R. 497 (1983); *R.A.M. v. Tribunal Superior*, 102 D.P.R. 270, 273 (1974). En *Pueblo ex rel. J.L.D.R.*, supra, pág. 503, expresamos que dicha norma de separación "fue la razón de ser de la doctrina a los efectos de que las garantías constitucionales que pued[a] reclamar un menor en estos procedimientos se determinan de los requisitos del debido procedimiento y trato

---

([3]) Sobre la renunciabilidad de este derecho no existe una norma establecida por este Tribunal. En *Sánchez v. González*, 78 D.P.R. 849 (1955), se planteó este asunto, pero se resolvió mediante sentencia sin opinión. El Juez Asociado Señor Negrón Fernández emitió una opinión concurrente, a la cual se unieron el Juez Presidente Señor Snyder y el Juez Asociado Señor Sifre. Allí se señaló que las solicitudes de suspensión del juicio, por parte del acusado, no equivalen a una renuncia al derecho a que la detención preventiva no exceda de seis (6) meses. Se señaló, además, que la solicitud de la defensa de posponer el juicio interrumpe el término para celebrar el juicio, a partir de la acusación, con el resultado de excluir la consecuencia jurídica del sobreseimiento del proceso. Por consiguiente, hay una renuncia implícita al derecho a un juicio rápido, pero no en cuanto a la detención preventiva en exceso de seis (6) meses. Íd., págs. 857–858. No obstante, también se expresó en esta opinión concurrente que este derecho a un término máximo de seis (6) meses no es absoluto, ya que el acusado no puede mediante ilegalidades o fraude producir la incapacidad del Estado para someterlo a juicio dentro del término de seis (6) meses. Íd., pág. 858. Véase, además, E.L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1992, Vol. II, págs. 461–464.

justo, y no de la aplicación directa de las diversas cláusulas constitucionales que garantizan tales derechos en procedimientos criminales ordinarios". En *Pueblo en interés menor R.G.G.*, 123 D.P.R. 443, 456 (1989), resuelto al amparo de la nueva Ley de Menores de Puerto Rico, ratificamos lo allí expresado. La anterior Ley de Menores de Puerto Rico de 1955 eliminó la naturaleza criminal de los procedimientos de menores y sustituyó las medidas penales existentes hasta ese momento por unas de tutela, las cuales están impregnadas de una filosofía proteccionista y rehabilitadora.

La nueva Ley de Menores de Puerto Rico y las decisiones del Tribunal Supremo federal, en los casos *Kent v. United States*, 383 U.S. 541 (1966), e *In re Gault*, 387 U.S. 1 (1967), dieron un gran impulso a los propulsores de mayores derechos para los menores. Nuestra jurisprudencia ha extendido a los procedimientos de menores ciertas garantías que protegen a los acusados en el proceso criminal.[4]

Sin embargo, como ya señaláramos, la protección constitucional contra detención preventiva no mayor de seis (6) meses no ha sido objeto de pronunciamiento por este Tribunal en cuanto a su aplicabilidad en los casos de menores detenidos conforme a la Ley de Menores de Puerto Rico.

Un análisis de este asunto precisa que tomemos en cuenta que el propósito de la Convención Constituyente al

---

[4] En *Pueblo en interés menor R.G.G.*, 123 D.P.R. 443 (1989), se les reconoció el derecho a juicio rápido. En *Pueblo en interés menores A.L.R.G. y F.R.G.*, 132 D.P.R. 990 (1993), se resolvió que un menor a quien se le imputa y se le procesa por una falta tiene derecho constitucional a examinar el expediente social en que se apoya el juez para imponerle una medida dispositiva. El acceso al expediente es corolario del derecho del menor a tener una adecuada representación. En *Pueblo v. Hernández Mercado*, 126 D.P.R. 427 (1990), se reiteró que a los menores les protege en todo momento la garantía constitucional contra la autoincriminación, y en *Pueblo en interés menor N.O.R.*, 136 D.P.R. 949 (1994), se extendió a los menores de edad la regla de exclusión de evidencia ilegalmente obtenida, plasmada en la Sec. 10 del Art. II de nuestra Constitución, L.P.R.A., Tomo 1.

De otra parte, en *Rodríguez Rodríguez v. E.L.A.*, 130 D.P.R. 562 (1992), se estableció que un menor de dieciséis (16) años no tiene un derecho fundamental exigible bajo el debido proceso de ley sustantivo a sólo ser procesado criminalmente como menor y no como adulto.

incorporar la cláusula fue limitar la detención del acusado previo al juicio, *mientras que la detención del menor imputado obedece a otros propósitos.* Veamos.

El propósito de fijarle una fianza a todo acusado adulto antes de mediar el fallo condenatorio, según lo dispuesto en la misma Sec. 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, *supra,* es asegurar la presencia del acusado en las diversas etapas del juicio. *Pueblo v. Negrón Vázquez,* 109 D.P.R. 265, 266–267 (1979). De no prestarse la fianza impuesta procede, entonces, ordenar la detención preventiva del acusado, la cual no excederá los seis (6) meses.([5])

No obstante, en el *caso de los menores la detención tiene, además, otros fines más apremiantes. El Estado, al ejercer su capacidad de "parens patriae", puede tomar medidas tutelares encaminadas a proteger al menor, a custodiarlo y a supervisarlo. Pueblo en interés menor R.H.M.,* 126 D.P.R. 404 (1990).

El Art. 20 de la Ley de Menores de Puerto Rico, *supra,* y la Regla 2.13 de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, establecen, en lo pertinente, cuáles son las situaciones en que puede ordenarse la detención del menor antes de la vista adjudicativa:

(1) [cuando s]ea necesaria para la seguridad del menor o porque éste representa un riesgo para la comunidad;
(2) que el menor se niegue a, o esté mental o físicamente incapacitado de dar su nombre, el de sus padres o encargado y la dirección del lugar donde reside;

---

([5]) "La Convención [Constituyente] obviamente estimó que un período mayor de detención en espera del juicio, en defecto de fianza, constituía un gravamen sobre el ciudadano que, presumiéndose inocente hasta el momento de recaer convicción, era restringido por el Estado —en el ejercicio de su poder de custodia— en el disfrute de su libertad personal, con el solo propósito de hacerle comparecer a juicio en su día. Consideró preferible rendir la custodia de un acusado después de ese período, antes que hacer vulnerable la integridad de su derecho a la presunción de inocencia —que también consagraba en la propia Constitución— si dejaba ilimitado el ejercicio de ese poder de custodia por la mera utilidad de que el Estado le tuviera disponible para llevarle al tribunal." *Sánchez v. González,* supra, págs. 856–857, opinión concurrente del Juez Asociado Señor Negrón Fernández.

(3) cuando no existan personas responsables dispuestas a custodiar al menor y garantizar su comparecencia a procedimientos subsiguientes;

(4) que el menor esté evadido o tenga historial conocido de incomparecencias;

(5) que por habérsele antes encontrado incurso en faltas que, cometidas por un adulto, constituyeren delito grave y habérsele encontrado causa probable en la nueva falta que se le imputa, pueda razonablemente pensarse que amenaza el orden público seriamente[, o]

(6) que habiéndose citado al menor para la vista de determinación de causa probable, él no comparezca y se determine causa probable en su ausencia. 34 L.P.R.A. sec. 2220.

Como vemos, consideraciones adicionales a la comparecencia del menor a la vista permiten que se le prive de su libertad después de determinarse causa probable. Más aún, la Regla 2.9 de Procedimiento para Asuntos de Menores, *supra*, concede al juez la discreción para determinar si el menor va a permanecer bajo la custodia de sus padres o encargados hasta la vista de determinación de causa probable para la presentación de la querella, o si ordenará su detención provisional conforme a lo dispuesto en la Ley de Menores de Puerto Rico, aún sin celebrarse la vista de determinación de causa probable. El poder del Estado para detener al menor antes de la vista adjudicativa es tan patente, que las disposiciones con relación a la fianza no aplican a los menores puestos bajo detención o custodia. Art. 10 de la Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2210.

El menor peticionario fundamenta su solicitud de excarcelación en que, al determinar la totalidad del tiempo que ha estado recluido, debe contarse el período de tiempo que estuvo en el Hogar Juvenil de Humacao junto al que lleva en la Cárcel Regional de Bayamón. Opinamos que no le asiste la razón.

La Sec. 19 de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, ed. 1982, pág. 332, establece que la enumeración de derechos en la Carta no se entenderá como "restrictiva de la

facultad de la Asamblea Legislativa para aprobar leyes en protección de la vida, la salud y el bienestar del pueblo". De ahí surge el poder de la Asamblea Legislativa de Puerto Rico para aprobar legislación que regule la detención preventiva con base en otras consideraciones que no sean la de asegurar la comparecencia del menor a todas las etapas del proceso. El interés del Estado en el caso de los menores está predicado en consideraciones adicionales, tales como la seguridad y el control. Estas consideraciones están plasmadas, como ya hemos visto, en la Ley de Menores de Puerto Rico.

En el caso de autos, de la resolución del tribunal de instancia, en la vista de renuncia de jurisdicción, surge lo siguiente:

Santiago Rodríguez Iglesias es un joven que tenía 17 años y 7 meses a la fecha en que se le imputan los hechos. Tiene aprobado el noveno grado. Es desertor escolar, referido por primera vez al Tribunal como ofensor. Sus ejecutorias en la escuela intermedia se caracterizaron por una de constantes problemas de disciplina, involucrado en peleas con sus compañeros y suspensiones. Es descrito como un *joven violento, agresivo, temperamental y controversial.* Para otros es visto como un joven necesitado de mayor cariño y atención que la que recibió de sus padres, así como *víctima de la situación familiar que le ha tocado vivir.*

Su *historial familiar*, especialmente la conducta exhibida por su madre, le ha hecho estar *en contacto con un clima de violencia, malos ejemplos y pobre supervisión.* Su madre ha estado involucrada en uniones y separaciones frecuentes de maridos, relaciones extramaritales, personas que presentan conductas delictivas y visitan el hogar, actos de violencia y asesinato en la comunidad. Tanto la madre como dos de sus hermanas y el joven se relacionan con personas involucradas en asesinatos y robos en la comunidad. A Santiago en específico se le asocia, aunque nunca se le ha sometido cargo, con uno de los puntos de drogas del lugar donde reside, robos a negocios y personas en los alrededores de la comunidad. Un clima de temor es percibido en torno a la figura del joven y la *posibilidad de represalias por parte de conocidos y amigos de éste.* (Énfasis suplido.)

Como podemos observar, *aunque el menor estaba detenido, esta detención no fue con el propósito único de garantizar su comparecencia sino, además, para protegerlo ya que nadie podía, responsablemente, hacerse cargo de él.* La Ley de Menores de Puerto Rico permite y dispone este tipo de detención. *Esa detención mientras estuvo bajo la jurisdicción del Tribunal de Menores no puede considerarse como una reclusión.*

Por las razones antes expuestas, opinamos que mientras estuvo bajo la jurisdicción del Tribunal de Menores, Santiago Rodríguez Iglesias no estaba recluido para los efectos de la cláusula contra la detención preventiva mayor de seis (6) meses. Su verdadera reclusión comenzó el 14 de julio de 1994, cuando fue trasladado a la Cárcel Regional de Bayamón en espera de ser juzgado como adulto.

Por consiguiente, confirmaríamos la resolución emitida por el Tribunal Superior, Sala de Bayamón.