Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Alexis Morales Cales, Yolanda Torres González<br><br>Peticionarios<br><br>v.<br><br>Rafael  Marengo, Reinaldo Torres Cruz, Antonio González Alicea y Ángel Arce<br><br>Recurridos | Certiorari<br><br>2011 TSPR 71<br><br>181 DPR \_\_\_\_ |

Número del Caso:   CC         - 2010 - 303


Fecha: 13 de mayo de 2011


Tribunal de Apelaciones:

> Región Judicial de Utuado


Juez Ponente:
>  Hon. Jorge L. Escribano Medina


Abogado de la Parte Peticionaria:

> Lcdo. Juan Gonzá        lez Santiago

Oficina de la Procuradora General:

> Lcda. Rosa Elena Pérez Agosto
> Procuradora General Auxiliar


Materia:      Violación de derechos civiles


Este documento constituye un documento oficial del Tribunal Supremo que está     sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Alexis Morales Cales, Yolanda
Torres González

                                           *Certiorari*

     Peticionarios

        v.                    CC-2010-0303

Rafael Marengo, Reinaldo
Torres Cruz, Antonio González
Alicea y Ángel Arce

     Recurridos


Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco.


En San Juan, Puerto Rico a 13 de mayo de 2011.

Los peticionarios, Alexis Morales Cales y Yolanda Torres González, nos solicitan la revisión de una Sentencia del Tribunal de Apelaciones que desestimó el recurso de apelación incoado ante dicho foro por entender que carecía de jurisdicción. Concluyó el foro *a quo* que los peticionarios presentaron el recurso de forma tardía.

Nos corresponde determinar si en un pleito contra varios funcionarios del Estado, representados legalmente por el Procurador General, es necesario que el Estado figure como parte para que aplique el término de sesenta (60) días

para presentar la apelación de una Sentencia del Tribunal de Primera Instancia ante el Tribunal de Apelaciones. *A priori*, contestamos en la negativa.

Previo a iniciar nuestro análisis, expondremos los hechos que dieron génesis a la controversia de autos.

**I**

El 14 de febrero de 2007, los peticionarios instaron una Demanda sobre violación de derechos civiles contra los recurridos Rafael Marengo, Reinaldo Torres Cruz, Antonio González Alicea y Ángel Arce.[1] En apretada síntesis, alegaron que, entre el 12 de febrero y el 16 de mayo de 2001, los recurridos Antonio González Alicea y Ángel Arce, ejerciendo como maestros de la Escuela Superior Gabriela Mistral de Lares, y Rafael Marengo y Reinaldo Torres Cruz, actuando como oficiales de la Policía de Puerto Rico, actuaron en contubernio para difamar y provocar el arresto y detención ilegal del peticionario Alexis Morales Cales. Los peticionarios adujeron que las actuaciones de los recurridos estuvieron motivadas por las expresiones públicas que realizó el señor Morales Cales en contra de éstos con relación a un incendio ocurrido en la mencionada escuela el 18 de enero de 2001.[2]

---

[1] En la Demanda también se incluyó a Marta Torres Delgado como demandada. No obstante, el 29 de septiembre de 2008 los peticionarios desistieron de su reclamación contra la señora Torres Delgado lo cual se hizo constar en una Sentencia Parcial de Archivo por Desistimiento emitida por el Tribunal de Primera Instancia el 7 de octubre de 2008.

[2] Originalmente, el 8 de mayo de 2003 los peticionarios instaron Demanda contra los recurridos ante el Tribunal Federal de los Estados

Así las cosas, el 6 de septiembre de 2007 el Departamento de Justicia asumió la representación legal de los recurridos según lo dispuesto en el Art. 12 de la Ley Núm. 104 de 29 de junio de 1955, según enmendada, conocida como Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3085.[3]

Luego de varios trámites procesales, el Tribunal de Primera Instancia dictó Sentencia el 28 de diciembre de 2009, notificada ese mismo día, en la que desestimó la Demanda incoada al concluir que estaba prescrita y que hacían falta partes indispensables.

Inconforme, los peticionarios presentaron una apelación ante el Tribunal de Apelaciones el 26 de febrero de 2010. Luego de ciertos trámites procesales, el 10 de marzo de 2010, el ilustrado foro apelativo intermedio dictó Sentencia donde, *inter alia*, determinó que la apelación fue presentada de forma tardía, por lo que no tenía jurisdicción para atender el recurso. El tribunal *a quo* hizo el siguiente razonamiento:

---

Unidos para el Distrito de Puerto Rico por los alegados actos mencionados. En su solicitud, los peticionarios invocaron la jurisdicción y competencia del foro federal al amparo de las Secciones 1983, 1985 y 1986 de la Ley de Derechos Civiles Federal, 42 U.S.C.A. secs. 1983, 1985 y 1986; e hicieron una alegación de reserva de jurisdicción pendiente, reteniendo así el derecho a presentar reclamaciones al palio de la Constitución y Leyes de Puerto Rico ante los tribunales estatales o federales en contra del Estado Libre Asociado o sus dependencias. Luego de varios trámites procesales, mediante Sentencia de 16 de febrero de 2006, el Tribunal de Distrito Federal desestimó sin perjuicio la reclamación.

[3] El Art. 12 fue añadido a la Ley Núm. 104, *supra*, a través de la Ley Núm. 9 de 26 de noviembre de 1975.

En el caso de autos la *Demanda* no incluyó alegación alguna en contra del Estado Libre Asociado de Puerto Rico, a través del Departamento de Educación o la Policía, por lo que no fueron emplazados. Todas las alegaciones y los remedios solicitados, se refieren a actuaciones culposas de los co apelados actuando como maestros y policías. Es decir, el Estado nunca fue parte de la reclamación. Si bien es cierto que bajo la Ley Núm. 9 de 26 de noviembre de 1975, el Departamento de Justicia asumió la representación legal de los co apelados, ello no implica que el Estado fuese parte del litigio. *Ortiz, et. als. v. E.L.A., et. als.*, 158 D.P.R. 62, 72 (2002). Incluso, los propios apelantes han reiterado durante todo el proceso que su intención nunca ha sido traer al Estado como parte al pleito. Nótese que la propia sentencia recurrida tiene como uno de sus fundamentos que el Estado resultaba parte indispensable que no fue traída al pleito por lo que procedía la desestimación del mismo. Habida cuenta de ello, el término correspondiente para presentar su recurso de apelación era de treinta (30) días y no de sesenta (60) como si el Estado fuese parte. Ciertamente, el tribunal recurrido dictó su **Sentencia** el 28 de diciembre de 2009, notificándosela a las partes en igual fecha.

Siendo ello así, el término para solicitar la revisión del dictamen disponible para los apelantes expiró treinta (30) días después de la notificación, es decir, el 27 de enero de 2010. Presentado el recurso el 26 de febrero de 2010, éste se presentó, pasados treinta (30) días del término dispuesto por nuestro ordenamiento jurídico.

Del expediente ante nuestra consideración no surge que la sentencia objeto del recurso fuera ilegal, se dictó sin jurisdicción o en contravención al derecho vigente, por lo tanto, estamos ante una sentencia final y firme. Transcurridos los términos de la Regla 53.1 y la Regla 13(A), expiraron los plazos para que los apelantes presentaran su apelación de la sentencia, que se presume dictada dentro de las facultades y poderes del tribunal sentenciador, pues al advenir final y firme, hemos perdido jurisdicción para revisarla. (Énfasis en el original.)

Insatisfechos, los peticionarios recurren ante nos planteando como error:

**ERRÓ EL TRIBUNAL DE APELACIONES AL DESESTIMAR LA APELACI[Ó]N PRESENTADA Y CONCLUIR QUE NO TEN[Í]A JURISDICCI[Ó]N POR ENTENDER QUE LA APELACI[Ó]N FUE RADICADA TARD[Í]AMENTE.**

Examinado el recurso, concedimos a los recurridos un término para mostrar causa por la cual no debíamos expedir el mismo. Contando con el beneficio de la comparecencia de ambas partes procedemos a resolver conforme lo intimado.

**II**

**A**

La controversia ante nuestra consideración requiere que analicemos las disposiciones estatutarias que establecen los términos para presentar un recurso de apelación ante el Tribunal de Apelaciones.

Al hacer tal análisis, es imperativo tener presente las normas de interpretación de las leyes. Tales reglas requieren que los tribunales consideren los propósitos perseguidos por la Asamblea Legislativa al aprobar el estatuto, de forma que éste se ajuste a la política pública que lo inspira. *Soc. Asist. Leg. v. Ciencias Forenses*, res. el 16 de septiembre de 2010, 179 D.P.R.___ (2010), 2010 T.S.P.R. 196, 2010 J.T.S. 205. Véanse, además, *Claro TV y Junta Regl. Tel. v. One Link*, res. el 9 de junio de 2010, 179 D.P.R.___ (2010), 2010 T.S.P.R. 89; 2010 J.T.S. 98; *Irizarry v. J & J Cons. Prods. Co., Inc.*, 150 D.P.R. 155,

163 (2000) citando a *Dorante v. Wrangler of P.R.*, 145 D.P.R. 408, 417 (1998).

Se ha indicado que cuando el lenguaje de una ley es claro e inequívoco, el texto del estatuto es la expresión por excelencia de la intención legislativa. *Ortiz v. Municipio San Juan*, 167 D.P.R. 609, 617 (2006); *B.B.C. Realty v. Secretario Hacienda*, 166 D.P.R. 498, 507-508 (2005); *Irizarry v. J & J Cons. Prods. Co., Inc.*, *supra*, pág. 164. Es por tal razón que, en primer lugar, se debe acudir al texto de la ley ya que si el lenguaje es claro y libre de toda ambigüedad, su letra "no debe ser menospreciada bajo el pretexto de cumplir con su espíritu". Art. 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14. Por lo tanto, ante un lenguaje claro y libre de ambigüedad, no se debe buscar más allá del texto de la ley para encontrar la verdadera voluntad del legislador; sino que se debe descubrir y dar efecto a la intención expresada en la letra del estatuto. *Romero Barceló v. E.L.A.*, 169 D.P.R. 460, 477 (2006).

Claro está, si surge alguna ambigüedad con el texto del estatuto el tribunal debe asegurar el cumplimiento con los propósitos legislativos. *S.L.G. Rivera-Carrasquillo v. A.A.A.*, res. el 23 de octubre de 2009, 177 D.P.R.___ (2009), 2009 T.S.P.R. 162, 2009 J.T.S. 165. En este contexto, la fuente a consultar para descifrar la verdadera intención del legislador es el historial legislativo del

estatuto en cuestión, incluyendo la Exposición de Motivos de la ley, los Informes rendidos por las comisiones de las Cámaras y los debates celebrados en el hemiciclo. *Ortiz v. Municipio San Juan*, *supra*, pág. 617; *Vicenti v. Saldaña*, 157 D.P.R. 37, 48 (2002); *Caballero v. Sistemas de Retiro*, 129 D.P.R. 146, 159 (1991). Incursionar en el historial legislativo del estatuto en controversia permite afrontar, con una perspectiva amplia, el sentido de su texto y la intención legislativa que lo inspiró. *Íd.*

Como parte del ejercicio de hermenéutica también debemos tener presente que las leyes no deben ser interpretadas tomando aisladamente algunas de sus secciones, párrafos, u oraciones, sino que deben serlo tomando en consideración todo su contexto. *Soc. Asist. Leg. v. Ciencias Forenses*, *supra*; *S.L.G. Semidey Vázquez v. ASIFAL*, res. el 22 de diciembre de 2009, 177 D.P.R.___ (2009), 2009 T.S.P.R. 184, 2010 J.T.S. 3; *Descartes v. Tribunal de Contribuciones*, 71 D.P.R. 248, 253 (1950). De igual modo, se deben analizar las leyes o disposiciones *in pari materia* o complementarias que puedan ayudar a esclarecer cuál ha sido la verdadera intención legislativa. Art. 18 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 18; *Zambrana Maldonado v. E.L.A.*, 129 D.P.R. 740, 750 (1992).

**B**

La Regla 53.1 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, establecía los términos para incoar un recurso de apelación ante el Tribunal de Apelaciones en el que se solicitara la revisión de una sentencia dictada por el Tribunal de Primera Instancia en un caso civil.[4]

En lo concerniente a la controversia de autos, dicha regla disponía lo siguiente:

> El recurso de apelación deberá ser presentado… dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado. En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus

---

[4] En reiteradas ocasiones hemos señalado que las normas de carácter procesal, como regla general, tienen efecto retroactivo, por lo que aplican tanto a las acciones pendientes al momento de su vigencia como a las incoadas con posterioridad a la vigencia de éstas. *Lincoln Sav. Bank v. Figueroa*, 124 D.P.R. 388, 394-395 (1989); *Ortiz v. Fernós López*, 104 D.P.R. 851, 852 (1976); *Reyes v. Mayagüez Transport*, 86 D.P.R. 273, 281 (1962); *Souchet v. Cosío*, 83 D.P.R. 758, 762 (1961); *Fajardo v. Tribunal de Distrito*, 69 D.P.R. 476, 481 (1949); *Mason v. White Star Bus Line*, 53 D.P.R. 337, 340-341 (1938); *Ojeda v. Gavilán*, 46 D.P.R. 399, 401 (1934). Véase, además, R. Hernández Colón, *Práctica Jurídica de Puerto Rico; Derecho Procesal Civil*, 5ta ed., San Juan, Pub. Lexis Nexis, 2010, Sec. 203, págs. 18-19.

Sin embargo, esta regla debe aplicar sólo a incidentes que aún estén por ocurrir luego de que entre en vigor el nuevo estatuto procesal; no en cuanto a cuestiones que ya fueron dilucidadas bajo la antigua norma. R. Hernández Colón, *Práctica Jurídica de Puerto Rico; Derecho Procesal Civil*, 5ta ed., San Juan, Pub. Lexis Nexis, 2010, Sec. 203, págs. 19 y 24-25.

En este caso, la decisión del foro apelativo sobre falta de jurisdicción se emitió utilizando como fundamento lo establecido en la Regla 53.1 de Procedimiento Civil de 1979, *supra*, la cual se encontraba vigente al momento en que el Tribunal de Apelaciones dictó su Sentencia. Por lo tanto, aunque actualmente se encuentran vigentes las Reglas de Procedimiento Civil de 2009, 32 L.P.R.A. Ap. V, nos corresponde analizar la controversia ante nuestra consideración de conformidad con las Reglas de Procedimiento Civil de 1979, *supra*.

No obstante, conviene aclarar que la Regla 52.2 de Procedimiento Civil de 2009, *supra*, recoge esencialmente los mismos términos y condiciones que se establecían en la Regla 53.1 de Procedimiento Civil de 1979, *supra*, con relación a la presentación del recurso de apelación ante el Tribunal de Apelaciones.

funcionarios o una de sus instrumentalidades que no fuere una corporación pública, o los municipios de Puerto Rico sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito perjudicada por la sentencia, presentando un escrito de apelación… dentro del término jurisdiccional de sesenta (60) días contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado.

Al igual que la Regla 53.1 de Procedimiento Civil de 1979, *supra*, la Regla 13(A) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, regula el término que las partes tienen para presentar el recurso de apelación ante ese foro. Sobre el particular, esta regla dispone que

[l]as apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia.

En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios(as) o una de sus instrumentalidades que no fuere una corporación pública, o en que los municipios de Puerto Rico o sus funcionarios sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito que haya sido perjudicada por la sentencia, presentando un escrito de apelación dentro del término jurisdiccional de sesenta (60) días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado.

Al analizar los preceptos legales discutidos, podemos ver que existen dos (2) términos distintos para presentar un recurso de apelación ante el Tribunal de Apelaciones que son de carácter jurisdiccional. Ello implica que si el recurso de apelación se presenta fuera de los plazos

provistos para ello, el foro apelativo intermedio estará impedido de considerar el mismo. *Ghigliotti v. A.S.A.*, 149 D.P.R. 902, 906 (1999). "En otras palabras, pasados los días para presentar un escrito de apelación, la sentencia del tribunal de instancia se convierte en final y firme, y la parte pierde su oportunidad para apelar". *Johnson & Johnson v. Mun. de San Juan*, 172 D.P.R. 840, 849 (2007).

Conforme a las disposiciones citadas, como norma general, el término para presentar el recurso de apelación ante el Tribunal de Apelaciones es de treinta (30) días a partir del archivo en autos de copia de la notificación de la sentencia emitida por el Tribunal de Primera Instancia. No obstante, dicho término se extiende a sesenta (60) días en el caso de que el Estado Libre Asociado, sus funcionarios o sus instrumentalidades que no sean una corporación pública, o los municipios de Puerto Rico sean parte en el pleito.

Sobre este último plazo, es de notar que tanto la Regla 53.1 de Procedimiento Civil de 1979, *supra*, como la Regla 13(A) del Reglamento del Tribunal de Apelaciones, *supra*, utilizan la conjunción "o" al hacer la enumeración de las personas y entidades que deben estar incluidas en el litigio para que aplique el término de sesenta (60) días para incoar el recurso de apelación ante el foro apelativo intermedio.

La conjunción "o" es una conjunción disyuntiva que "denota diferencia, separación o alternativa entre dos o más personas, cosas o ideas". Real Academia Española, *Diccionario de la Lengua Española*, 22da ed., Madrid, Ed. Espasa Calpe, 2001, T. II, pág. 1601. Esta conjunción se distingue de la conjunción "y" en que esta última se utiliza "para unir palabras o cláusulas en concepto afirmativo"[5] mientras que la conjunción "o" tiene el efecto de desvincular las palabras entre las que es usada. Véase, *Torres, Torres v. Torres, et al.*, res. el 6 de julio de 2010, 179 D.P.R.___ (2010), 2010 T.S.P.R. 123, 2010 J.T.S. 132; *Alejandro Rivera v. E.L.A.*, 140 D.P.R. 538, 544 (1996); R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e Interpretación de las Leyes de Puerto Rico*, 2da ed. Rev., San Juan, Pubs. J.T.S., 1987, pág. 353.

Sin embargo, aun cuando la conjunción "y" se considera copulativa y la conjunción "o" disyuntiva, se ha indicado que estas son de significados intercambiables y que podrán ser sustituidas de manera que la conjunción "o" puede ser leída como "y", o viceversa. *Pueblo v. Villafañe, Contreras*, 139 D.P.R. 134, 145 (1995). Véanse, además, *Pérez, Pellot v. J.A.S.A.P.*, 139 D.P.R. 588, 597 (1995); *Pueblo v. Mantilla*, 71 D.P.R. 36, 42 (1950); Bernier y Cuevas Segarra, *op. cit.*, pág. 353. No obstante, tal sustitución se realizará cuando sea necesario para cumplir

---

[5] Real Academia Española, *Diccionario de la Lengua Española*, 22da ed., Madrid, Ed. Espasa Calpe, 2001, T. II, pág. 2326.

con la intención legislativa del estatuto en controversia. *Pérez, Pellot v. J.A.S.A.P.*, *supra*, pág. 597; *Pueblo v. Mantilla*, *supra*, pág. 42.

**C**

En el caso ante nos, a pesar de que seis (6) funcionarios del Estado fueron demandados en el pleito y que el Departamento de Justicia asumió su representación legal, el Tribunal de Apelaciones concluyó que el plazo para incoar el recurso de apelación ante tal foro era de treinta (30) días a partir del archivo en autos de copia de la notificación de la Sentencia del Tribunal de Primera Instancia ya que el Estado no fue incluido en el litigio.

No obstante, los peticionarios sostienen que la interpretación del Tribunal de Apelaciones es contraria a la intención por la cual se estableció el mencionado término de sesenta (60) días y que, al ser parte del pleito varios funcionarios del Estado, ello era suficiente para que aplicara ese plazo.

Al analizar los propósitos que motivaron el que se instituyera el término de sesenta (60) días, debemos comenzar por señalar que, al momento en que se aprobaron las Reglas de Procedimiento Civil de 1979, *supra*, el Tribunal de Apelaciones no formaba parte de nuestro Sistema Judicial. Solamente contábamos con: (i) el Tribunal Supremo y (ii) el Tribunal de Primera Instancia el cual estaba compuesto de dos (2) secciones, a saber, el Tribunal

Superior y el Tribunal de Distrito. Secciones 1 y 9 de la Ley Núm. 11 de 24 de julio de 1952, según enmendada, conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, 4 L.P.R.A. secs. 1 y 61 (Supl. 1978). Al no existir el Tribunal de Apelaciones, una vez concluían los procesos ante el Tribunal de Primera Instancia, las partes podían acudir directamente a este Tribunal para solicitar la revisión de las determinaciones del foro primario. Sección 14 de la Ley Núm. 11, *supra*, sec. 37 (Supl. 1978).

Como parte de su competencia, este Foro podía revisar las sentencias civiles finales que fuesen emitidas por el Tribunal Superior.[6] *Íd*. Ello se efectuaba a través de un auto de revisión el cual se concedía de manera discrecional.[7] *Íd*.

Originalmente, había un sólo término para formalizar el auto de revisión el cual constaba de treinta (30) días a partir del archivo en autos de copia de la notificación de

---

[6] Sobre este asunto conviene aclarar que las sentencias que dictaba el Tribunal de Distrito en los casos civiles que se ventilaban ante dicha sección eran apelables ante el Tribunal Superior. No obstante, la determinación que emitía el Tribunal Superior con relación a tal apelación podía ser revisada ante el Tribunal Supremo mediante el recurso de *certiorari*. Sección 14 de la Ley Núm. 11 de 24 de julio de 1952, según enmendada, conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, 4 L.P.R.A. sec. 37 (Supl. 1978).

[7] Las apelaciones provenientes del Tribunal Superior en casos civiles eran permisibles cuando se planteaba una cuestión constitucional sustancial al amparo de la Constitución de Puerto Rico o de la Constitución de los Estados Unidos de América. Sección 14 de la Ley Núm. 11 de 24 de julio de 1952, según enmendada, conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, 4 L.P.R.A. sec. 37 (Supl. 1978). Véanse, además, *Rivera v. E.L.A.*, 140 D.P.R. 168, 171-172 (1996); *Bermúdez v. Ortiz*, 80 D.P.R. 707, 708 (1958).

la sentencia recurrida. Véase, Regla 53.1 de Procedimiento Civil de 1979, *supra*, (ed. 1983). Sin embargo, este plazo resultaba ser muy breve en los casos en los que el Estado, sus funcionarios o instrumentalidades que no fueren una corporación pública acudieran en revisión ante nos. Exposición de Motivos de la Ley Núm. 143 de 19 de julio de 1986 (1986 Leyes de Puerto Rico 465).

Tradicionalmente, la representación de estas personas y organismos ante el Tribunal de Primera Instancia, por lo general, ha estado a cargo de abogados de varias divisiones del Departamento de Justicia. *Íd.* No obstante, cuando el Estado, sus funcionarios o instrumentalidades son parte o tienen algún interés en procedimientos ante los tribunales apelativos, el caso es referido a la Oficina del Procurador General la cual asume la representación en tales foros. *Íd.* Véase, además, Art. 60 de la Ley Núm. 205 de 9 de agosto de 2004, conocida como Ley Orgánica del Departamento de Justicia, 3 L.P.R.A. sec. 2941.

Este fraccionamiento en la representación legal ocasionaba que en la mayoría de los casos en los cuales el Estado, los funcionarios o sus instrumentalidades que no fueren corporación pública decidían acudir ante este Tribunal a través de un auto de revisión, estos se referían a la Oficina del Procurador General próximo a vencerse el término de treinta (30) días que se disponía para incoar tal solicitud. Exposición de Motivos de la Ley Núm. 143,

*supra*. Ello se debía a que el trámite de estos casos requería una coordinación efectiva entre las distintas divisiones del Departamento de Justicia y la Oficina del Procurador General la cual, generalmente, consumía más de la mitad del término dispuesto para presentar el auto de revisión. *Íd*. Esta situación provocaba que se redujera considerablemente el tiempo que tenía el Procurador General para evaluar, estudiar y formalizar tal recurso. *Íd*. Informe de la Comisión de lo Jurídico Civil del Senado sobre el P. del S. 841 de 22 de mayo de 1986.

Para atender este problema, se aprobó la Ley Núm. 143, *supra*. A través de este estatuto, se amplió el término para presentar el auto de revisión a sesenta (60) días en aquellos casos en que el Estado, sus funcionarios o instrumentalidades que no fueran una corporación pública eran parte en el pleito. Con esta enmienda se buscaba asegurar que tales organismos y funcionarios contaran "con un plazo adecuado para proteger los intereses del Pueblo de Puerto Rico, sin menoscabo de los intereses de las otras partes en el pleito, a quienes también les beneficia la ampliación del plazo". Exposición de Motivos de la Ley Núm. 143, *supra*, pág. 466. Véanse, además, *Almodóvar v. Warren Electric Co.*, 140 D.P.R. 906, 910 (1996); *Rivera v. E.L.A.*, *supra*, pág. 173.

Posteriormente, la Regla 53.1 de Procedimiento Civil de 1979, *supra*, sufrió varios cambios.

En primer lugar, este precepto fue enmendado mediante la Ley Núm. 108 de 7 de diciembre de 1993. Según el historial legislativo de este estatuto, los municipios de Puerto Rico tenían un problema similar al que afrontaba el Procurador General cuando se aprobó la Ley Núm. 143, *supra*. Informe de la Comisión de lo Jurídico Civil del Senado sobre el P. de la C. 344 de 7 de junio de 1993. El término de treinta (30) días para formalizar el auto de revisión resultaba ser muy limitado para los municipios ya que la preparación del caso requería una coordinación efectiva entre diversas divisiones o dependencias lo cual consumía tiempo adicional a los abogados que los representaban. *Íd*. Es por ello que, a través de la Ley Núm. 108, *supra*, el referido plazo de sesenta (60) días se extendió a aquellos casos en que los municipios eran parte del pleito.

En segundo lugar, la Regla 53.1 de Procedimiento Civil de 1979, *supra*, fue enmendada como consecuencia de la aprobación del Plan de Reorganización de la Rama Judicial Núm. 1 de 28 de julio de 1994, conocido como Ley de la Judicatura de Puerto Rico de 1994, 4 L.P.R.A. sec. 22 *et seq*. (Supl. 1996), mediante el cual, *inter alia*, se creó el antiguo Tribunal de Circuito de Apelaciones como un tribunal apelativo intermedio entre el Tribunal de Primera Instancia y este Tribunal. Con la creación de este foro, las sentencias finales dictadas en caso civiles ante el Tribunal de Primera Instancia (incluyendo las sentencias

emitidas por el Tribunal de Distrito el cual se encontraba en proceso de abolición) ahora eran revisables mediante la presentación de un recurso de apelación ante el Tribunal de Circuito de Apelaciones. Art. 4.002 del Plan de Reorganización Núm. 1, *supra*, sec. 22k (Supl. 1996).

Para conformarla a este cambio, la Regla 53.1 de Procedimiento Civil, *supra*, fue modificada mediante la Ley Núm. 249 de 25 de diciembre de 1995 de manera que los términos de treinta (30) y sesenta (60) días dispuestos para el auto de revisión ahora fuesen aplicables al recurso de apelación ante el foro apelativo intermedio, hoy día conocido como Tribunal de Apelaciones.[8]

Según se puede apreciar, a pesar de que la Regla 53.1 de Procedimiento Civil de 1979, *supra*, fue enmendada con posterioridad a la aprobación de la Ley Núm. 143, *supra*, el Procurador General, así como las demás partes involucradas en el pleito, continuaron disfrutando del beneficio de la extensión del término de sesenta (60) días para solicitar que se revise una sentencia dictada por el Tribunal de Primera Instancia el cual aplica a aquellos casos en el que el Estado, sus funcionarios o instrumentalidades que no sean una corporación pública, o los municipios de Puerto Rico sean parte. De esta manera, se mantuvo el propósito de la Ley Núm. 143, *supra*, de proveerle al Procurador General

---

[8] Véanse, Arts. 4.001 a 4.008 de la Ley Núm. 201 de 22 de agosto de 2003, según enmendada, conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 L.P.R.A. secs. 24t a 25.

tiempo suficiente para tramitar los casos que le son referidos de las distintas divisiones del Departamento de Justicia de forma que pueda representar adecuadamente al Estado en los tribunales apelativos en todos aquellos procedimientos civiles en que éste último sea parte o tenga algún interés.

**D**

Al analizar si es necesario que el Estado sea incluido en el pleito para que aplique el plazo de sesenta (60) días, es importante señalar que, en ocasiones, el Procurador General tiene el deber de representar a funcionarios o ex funcionarios del gobierno aunque el Estado no sea parte en el litigo.

La Ley Núm. 104, *supra*, permite que se demande al Estado y/o a un funcionario o empleado público, "cuando éste actúa negligentemente u omite actuar según su deber dentro del marco de las funciones propias de su cargo o empleo". *García v. E.L.A.*, 146 D.P.R. 725, 734-735 (1998). Esta demanda se puede incoar en contra del Estado o del funcionario, o en contra de ambos conjuntamente. *González Pérez v. E.L.A.*, 138 D.P.R. 399 (1995); *De Paz Lisk v. Aponte*, 124 D.P.R. 472 (1989).

Conforme al Art. 12 de la Ley Núm. 104, *supra*, los funcionarios o ex funcionarios del Estado que sean demandados en su carácter personal por actos u omisiones ocurridos dentro del marco de sus funciones oficiales

tienen derecho a solicitar que el Estado les provea representación legal.

Para implantar esta directriz, el Departamento de Justicia aprobó el Reglamento sobre Representación Legal y Pago de Sentencia, Reglamento Núm. 7622 de 3 de diciembre de 2008. Este cuerpo reglamentario establece, *inter alia*, el procedimiento que deben seguir los funcionarios del Estado que sean demandados en su carácter personal para solicitar y obtener la representación del Departamento de Justicia.

Como parte de sus disposiciones, el Reglamento dispone que, una vez el Departamento de Justicia determine proveer representación legal a un funcionario, tal representación se extiende a "todos los procedimientos de revisión o apelativos que el Procurador General o el Secretario de Justicia decidan promover". Art. 33(a)(1) del Reglamento sobre Representación Legal y Pago de Sentencia, *supra*.

Por lo tanto, cuando una persona demanda directamente a un funcionario del Estado por violaciones a derechos civiles cometidos por éste en el ejercicio de sus funciones oficiales y el Departamento de Justicia se hace cargo de su representación legal, el Procurador General estará obligado a representar a tal funcionario ante los tribunales apelativos aunque no se demande directamente al Estado. El Procurador General tendrá las mismas obligaciones y deberá llevar a cabo los mismos procedimientos que realizaría en

los casos en los que el Estado sea parte en el pleito; lo cual incluye incoar un recurso de apelación ante el Tribunal de Apelaciones si ello resulta procedente. Véase, Art. 60 de la Ley Núm. 205, *supra*.

**III**

Dentro del marco jurídico antes enunciado, procedamos a resolver la controversia ante nuestra consideración.

Según indicamos, tanto la Regla 53.1 de Procedimiento Civil, *supra*, como la Regla 13(A) del Reglamento del Tribunal de Apelaciones, *supra*, disponen que el término de sesenta (60) días será aplicable en aquellos casos en que el Estado, sus funcionarios o instrumentalidades, que no sean una corporación pública, o los municipios sean parte en el pleito. En ambos estatutos se utiliza la conjunción disyuntiva "o" al expresar las personas o entidades que deben estar incluidos en el litigo para que aplique el término de sesenta (60) días para presentar el recurso de apelación ante el Tribunal de Apelaciones. Al emplearse esta conjunción, no es necesario que esté presente cada uno de ellos para que aplique este término, sino que basta con que sea parte cualquiera de las personas u organismos señalados. Por lo tanto, si la demanda se dirige contra uno o varios funcionarios del Estado, no es necesario que se incluya al Estado para que aplique el término de sesenta (60) días ya que tal situación está cobijada por la Regla

53.1 de Procedimiento Civil, *supra*, y por la Regla 13(A) del Reglamento del Tribunal de Apelaciones, *supra*.

El período de sesenta (60) días aplicará si está presente el Estado **o** sus funcionarios **o** cualquiera de las demás entidades mencionadas en las reglas. Somos del criterio que si la intención al establecerse dicho período era exigir la inclusión del Estado en el pleito como requisito para que aplicara el mencionado término de sesenta (60) días, se hubiese utilizado la conjunción "y" en la redacción de ambos cuerpos estatutarios.

Por otro lado, aunque la conjunción "o" puede leerse como conjunción "y" en aquellos casos que sea necesario para cumplir con la intención legislativa del estatuto que se interprete, en este caso no procede hacer tal sustitución. La enmienda introducida a través de la Ley Núm. 143, *supra*, para extender el término para presentar el recurso de revisión, ahora de apelación, se llevó a cabo con el propósito de proveerle al Procurador General tiempo suficiente para prepararse adecuadamente para sus casos ya que el término de treinta (30) días resultaba ser muy corto debido a la dilación que existía en la tramitación de los casos entre las divisiones internas del Departamento de Justicia y la Oficina del Procurador General.

Como hemos visto, cuando el Departamento de Justicia asume la representación de un funcionario público que es demandado en su carácter personal por actos u omisiones

incurridos por éste en el ejercicio de sus deberes oficiales, el Procurador General tiene el deber de continuar tal representación ante los foros apelativos aunque el Estado no sea incluido en el pleito. En ese tipo de casos, si el término aplicable fuera el de treinta (30) días, ocurriría el mismo problema que la Ley Núm. 143, *supra*, trató de evitar. Los casos que son tramitados por las distintas divisiones del Departamento de Justicia a nivel de primera instancia serían referidos a la Oficina del Procurador General cerca del vencimiento del plazo para presentar el recurso de apelación. El Procurador General no tendría tiempo suficiente para examinar cuidadosamente el expediente, llevar a cabo las investigaciones que estime pertinentes, reunirse con los abogados de las otras partes de ser necesario, entre otras. Por lo tanto, la intención del legislador al aprobar la Ley Núm. 143, *supra*, era cobijar también aquellos casos en que se demanden a funcionarios del Estado directamente por actos u omisiones cometidos en el ejercicio de sus deberes y que sean representados por el Procurador General aunque el Estado no haya sido incluido en el litigio.

Conforme lo expresado, el hecho de que el Estado no sea parte en este caso no implica que el término aplicable para presentar el recurso de apelación ante el Tribunal de Apelaciones era el de treinta (30) días. El peticionario incoó su Demanda contra varios maestros y policías en su

carácter personal en la que alegó que éstos le habían violado sus derechos civiles como consecuencia de varios actos que tales personas alegadamente cometieron mientras desempeñaban sus deberes oficiales. Además, el Procurador General era el representante legal de estos funcionarios ante el Tribunal de Apelaciones toda vez que el Departamento de Justicia asumió dicha representación ante el tribunal de instancia conforme a lo dispuesto en el Art. 12 de la Ley Núm. 104, *supra*.

En vista de que varios funcionarios del Estado forman parte del pleito y que el Procurador General los representaba legalmente ante el tribunal *a quo*, el peticionario contaba con un término de sesenta (60) días a partir del archivo en autos de copia de la notificación de la Sentencia del Tribunal de Primera Instancia para presentar su recurso de apelación ante el Tribunal de Apelaciones.

La Sentencia del foro primario cuya revisión se solicita fue dictada y notificada el 28 de diciembre de 2009. Por otra parte, el recurso de apelación en controversia fue presentado ante el Tribunal de Apelaciones el 26 de febrero de 2010, sesenta (60) días después de emitido el dictamen por el foro primario. Por lo tanto, el recurso de apelación fue presentado dentro del plazo dispuesto para ello por lo que el foro apelativo intermedio tiene jurisdicción para atender el mismo.

**IV**

Por los fundamentos expuestos, se expide el auto de *certiorari*, se revoca la Sentencia dictada por el Tribunal de Apelaciones y se devuelve el caso a dicho foro para que atienda la apelación instada en sus méritos.

Se dictará Sentencia de conformidad.


Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Alexis Morales Cales, Yolanda
Torres González

     Peticionarios

        v.

Rafael Marengo, Reinaldo
Torres Cruz, Antonio González
Alicea y Ángel Arce

     Recurridos

*Certiorari*

CC-2010-0303

SENTENCIA

En San Juan, Puerto Rico a 13 de mayo de 2011.

Por los fundamentos expuestos, se expide el auto de *certiorari*, se revoca la Sentencia dictada por el Tribunal de Apelaciones y se devuelve el caso a dicho foro para que atienda la apelación instada en sus méritos.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez disiente sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo